CASE 43—PETITION ORDINARY—NOVEMBER 7.

## Cincinnati, &c., R. Co. v. Privitt's Adm'r.

### APPEAL FROM LINCOLN CIRCUIT COURT.

1. THE CHARACTER OF NEGLECT ALLEGED DETERMINES WHETHER AN ACTION IS BROUGHT UNDER SECTION 1 OR SECTION 3 OF CHAPTER 57 OF THE GENERAL STATUTES. Therefore, if the averment be that the life was lost by "willful neglect," the recovery, if any, must be had under section 3 of the statute, and there can be no recovery if the person left neither widow nor child. The "willful neglect" of the statute is *sui generis* and does not include the common law degrees of negligence.

    The cases of Louisville, &c., R. Co. v. Case's Adm'r, 9 Bush, 728, and Claxton's Adm'r v. Lexington, &c., R. Co., 13 Bush, 636, so far as they are inconsistent herewith, are overruled.

2. DAMAGES.—The recovery under section 1, chapter 57, General Statutes, is limited to compensatory damages.

C. B. SIMRALL FOR APPELLANT.

1. Degree of neglect alleged determines whether action is brought under section 1 or section 3 of chapter 57 of the General Statutes. (Given's Adm'r v. Ky. Cent. Ry. Co., 11 Ky. L. R., 452.)

    When allegation is one of negligence, or gross negligence, or gross negligence coupled with any other allegation, action is regarded as under section 1. (L. & N. R. Co. v. Smith's Adm'r, 87 Ky., 501; Morris' Adm'r v. L. & N. R. Co., 12 S. W. R., 940.)

    When, as in this case, the sole allegation is one of "willful negligence," action is under section 3. (Given's Adm'r v. Ky. Cent. Ry. Co., 11 Ky. L. R., 452.)

    And in such case there can be no recovery unless there is a widow or child. (Ky. Cent. Ry. Co. v. Henderson's Adm'r, 86 Ky., 389; Jordan's Adm'r v. C., N. O. & T. P. Ry. Co., 11 Ky. L. R., 204; Koening's Adm'r v. City of Covington, 12 S. W. R., 128; Henning's Adm'r v. Louisville Leather Co., 11 Ky. L. R., 544; L. & N. R. Co. v. Merriwether's Adm'r, 12 S. W. R., 935; Ky. Cent. Ry. Co. v. Wainwright's Adm'r, 13 S. W. R., 438; C., N. O. & T. P. Ry. Co. v. Adam's Adm'r, 11 Ky. L. R., 833; Ky. Cent. Ry. Co. v. McGinty, 9 Ky. L. R., 860; L. & N. R. Co. v. Coppage, 10 Ky. L. R., 193.)

SIMRALL & MACK, J. W. ALCORN of counsel on same side.

R. C. WARREN, W. G. WELCH for appellee.
  Brief not in record.

CHIEF JUSTICE HOLT delivered the opinion of the court.

George M. Privitt, a passenger upon a local freight
train of the appellant, was instantly killed by a collision
of two of its trains. His administrator brought this
action to recover damages upon the ground that his death
was caused by the *willful* negligence of the agents of the
appellee in charge of the train.

Section 3, chapter 57 of the General Statutes, provides,
that if the life of any person be lost by the *willful* neglect
of any person, company or corporation, its agents or
servants, the widow, heir or personal representative may
sue and recover *punitive* damages for the loss of life.

It has been settled by this court that a recovery under
this section of the statute is for the benefit of the widow
and children of the deceased; and hence if he leave no
widow or child there can be no recovery. (Kentucky
Cent. Ry. Co. v. Henderson's Adm'r, 86 Ky., 389; Jor-
dan's Adm'r v. Cincinnati, &c., Ry. Co., 89 Ky., 40.)

Section 1 of the statute *supra* gives a right of action to
the personal representative of any person, not in the
employment of a railroad company, whose life may be
lost by the negligence or carelessness of the proprietor of
any railroad or its agents, for damages, just as the person
would have had for the injury if death had not resulted.

A recovery under this section is restricted to compen-
satory damages. Those by way of punishment for the
wrongful act can not be awarded, as is the case under the
third section. It is evident this action was brought under

the latter section. The petition avers the killing was by reason of *willful* negligence, and the instructions to the jury were restricted to it. This was the question presented by the pleading of the appellee, and the action was tried out solely upon this issue. The jury were informed that the existence of willful negligence was necessary to a recovery, and if it existed they could give punitive damages for the loss of the life. The "willful neglect" of the statute does not embrace any other character of negligence. There is some confusion upon this subject in the decisions of this court—some of the earlier ones do not agree with the later ones—but this character of neglect is the creature of the statute; it signifies a reckless indifference to or intentional disregard of the safety of others—it is *sui generis*; the word "willful" was not used as synonymous with the word "gross;" and if it be declared on, the action must be regarded as brought under, and must be confined to, the third section ; and, consequently, there can be no recovery with the pleadings in this condition, unless the deceased left a widow or child. The cases of Louisville, &c., R. Co. v. Case's Adm'r, 9 Bush, 728, and Claxton's Adm'r v. Lexington & Big Sandy R. Co., 13 Bush, 636, so far as they are inconsistent herewith, are overruled.

The character of the alleged neglect determines under which section the action is brought. If it be "willful," then it is under the third ; but if it merely avers the life was lost by "negligence," which includes gross, ordinary and slight neglect, or all the degrees which, properly speaking, were included by the term by the common law, then it is under the first section. If the averment be that the life was lost by "*willful* neglect," then a recovery can

only be had under the third section, and the conditions upon which it may be had must of course be shown to exist. If the term "willful neglect," as used in the third section, embraces all the common law degrees proper of negligence, then it seems to us the first section of the statute would never have been enacted. Here we have a verdict based alone upon *willful* neglect, because it only is alleged in the petition, and its existence or non-existence was the question submitted to the jury by the instructions, and yet the statute, as construed by this court, does not authorize a recovery on account of it, unless the deceased left a widow or child.

The character of neglect alleged in the petition must determine under which section of the statute the action is brought, and the ground upon which the plaintiff is seeking a recovery. (Givens v. Kentucky Cent. Ry. Co., 89 Ky., 231; Baker's Adm'r v. L. & N. R. Co., 13 Ky. Law Reporter, 465.)

We need not determine whether it was incumbent upon the plaintiff, in order to maintain his action as presented by his petition, to aver in it that the deceased left a widow or child, or whether this was matter of defense, because the issue in this respect was presented by the fourth paragraph of the answer; and as the plaintiff's case was presented by his petition, it was certainly error to overrule the demurrer to the fourth paragraph of the answer, and permit a recovery. This conclusion renders a consideration of the other questions presented in argument unnecessary; and the judgment is reversed, and cause remanded for further proceedings consistent with this opinion.