SINGLETON v. FELTON.

(Circuit Court of Appeals, Sixth Circuit. May 8, 1900.)

No. 714.

1. APPEAL—REVIEW—FINDINGS OF MASTER.

Where a case is referred to a master to hear the evidence, and to report his findings and conclusions both of law and fact, so far as the master has to deal with conflicting testimony, or pass upon questions of credibility, his findings are to be treated as so far presumptively correct as not to be subject to review on appeal, unless manifest error is shown in his conclusions of fact or in the application of the law.

2. RAILROADS—KILLING OF TRESPASSER IN COLLISION—ACTIONABLE NEGLIGENCE.

A railroad company owes no duty of care to a trespasser who, contrary to its rules, which are known to him, is riding on a construction train without the knowledge of the company's employés; and the gross negligence of such employés, which results in a collision in which the trespasser is killed, does not constitute actionable negligence as to him which gives a right of recovery for his death.

3. WRONGFUL DEATH—CONSTITUTIONAL AND STATUTORY PROVISIONS—CONSTRUCTION.

In section 241 of the Kentucky constitution, providing that, "whenever the death of a person shall result from an injury inflicted by negligence or wrongful act, then in every such case damages may be recovered for such death," and in the statute enacted to carry out such provision, the word "negligence" is used in its well-known legal significance, as meaning actionable negligence which would authorize a recovery for the injury if death had not ensued.

4. NEGLIGENCE—STATUTORY LIABILITY—KENTUCKY STATUTE.

Since the enactment of Ky. St. § 6, which repealed Gen. St. c. 57, § 3, there is no degree of "willful" negligence in that state, and the rule that contributory negligence is not available as a defense to any degree of negligence is no longer in force.

Appeal from the Circuit Court of the United States for the Western Division of the Southern District of Ohio.

This is an action to recover damages for the negligent killing of one Charles Singleton, the intestate and son of the plaintiff in error. The defendant is a receiver appointed by the court in which the suit was brought by an intervening petition. The death of the decedent was proximately due to a rear-end collision between two trains operated by the servants of the receiver sued. Both trains left Somerset, Ky., bound north, the first, a freight, about one hour before the last, a construction train, consisting of an engine and caboose, the caboose being in front. The freight train broke down a few miles out of Somerset. The construction train, following after, ran into the rear of the stalled freight occupying the track. The deceased, who was either inside or upon the rear platform of the construction caboose, was crushed and killed. The failure of those operating the stalled train to place torpedoes at a proper distance in rear of the train was the plain and conceded cause of the collision, though there was also evidence that the train dispatcher at Somerset failed to notify the construction train that the freight train had preceded it, bound in the same direction. The decedent was a youth between 13 and 14 years of age, residing at Somerset. He was frequently about the yard of the railroad com-

pany, and often made himself useful by voluntary assistance to trainmen. The company's rule prohibited all persons from riding on the construction train, and this was well known to the deceased, who had been warned against trying to ride on said train by its conductor as well as by members of his own family. Upon the morning of his death he was seen about the railroad yard, and rendered some assistance in switching, and when the collision occurred his dead body was found badly crushed between the end of the tender and caboose. There was some conflict in the evidence as to whether his presence on the train when it left Somerset was known to any of the receiver's employés. The intervening petition, on motion of the intervener, was referred to a special master "to hear the evidence * * * and report his findings and conclusions of both law and fact to the court." The master reported that the collision was the result of the gross .negligence of the railroad, but that the decedent was wrongfully concealed on or about said construction train, and his presence thereon unknown to the servants operating same, and that the receiver was therefore not liable to the plaintiff in error for damages. Exceptions by the plaintiff in error were overruled, and the petition dismissed.

David S. Hounshell, for appellant.
George Hoadly, for appellee.

Before LURTON and DAY, Circuit Judges, and SEVERENS, District Judge.

LURTON, Circuit Judge, having made the foregoing statement of the case, delivered the opinion of the court.

That the decedent was an intruder upon the construction train, and that his presence thereon was unknown to those engaged in its operation, was the conclusion of the special master. On the motion of the plaintiff the petition was referred to a special master, not to take and report the evidence, but "to hear the evidence offered by the parties, respectively, with direction to report his findings and conclusions, both of law and facts, to the court." The order was in the nature of a submission to a tribunal selected by the parties themselves. So far as the master had to deal with conflicting facts or pass upon questions of credibility, his findings are to be treated as so far presumptively correct as not to be subject to review, unless there is shown manifest error in his conclusions of fact or in the application of the law. Kimberly v. Arms, 129 U. S. 512, 9 Sup. Ct. 355, 32 L. Ed. 764; Davis v. Schwartz, 155 U. S. 631, 636, 15 Sup. Ct. 239, 39 L. Ed. 293.

In Davis v. Schwartz the court said:

"As the case was referred by the court to a master to report, not the evidence merely, but the facts of the case, and his conclusions of the law thereon, we think that his finding, so far as it involves questions of fact, is attended by a presumption of correctness similar to that in the case of a finding by a referee, the special verdict of a jury, the findings of a circuit court in a case tried by the court under Rev. St. § 649, or in an admiralty cause appealed to this court. In neither of these cases is the finding absolutely conclusive, as if there be no testimony tending to support it; but so far as it depends upon conflicting testimony, or upon the credibility of witnesses, or so far as there is any testimony consistent with the finding, it must be treated as unassailable."

The master reports that under the rules of the company no one was permitted to ride on the construction train except employés of the company, and that the decedent knew this, and had been warned against it by the conductor and by members of his own family. He

also reports that on the occasion of this collision said decedent "boarded said construction train, and so concealed himself in or about the caboose that his presence thereon or therein was not known to any one of those in charge of or operating said train." The master also reports that the collision by which decedent met his death was due to the gross carelessness of the employés of the freight train in not taking the proper and usual precautions prescribed by the rule of the company for the purpose of warning trains approaching from the rear. There was abundant evidence in support of both these findings, and under the rule stated there is no authority for reviewing the conclusions of the master upon the facts.

That the collision was due to the negligence of the receiver's servants, and that the intestate came to his death as a result of the collision, are conceded facts. But has the appellant by this evidence made out a case of actionable negligence? Actionable negligence presupposes some duty owed to the person asserting a right of action by the defendant, and a breach of that duty. What was the relation between the deceased and the receiver? What duty was due by the receiver to him? He was not a passenger. The train was a construction train, and persons other than employés were rigidly excluded therefrom. He knew the rule of the railroad in this particular. He did not have the permission of the conductor or other employé on the train as an excuse for his presence, and thus we are not called upon to deal with the question as to whether the consent of an employé, who had no power to consent, would create a relation and impose a duty towards him. His presence on the train was unknown to those operating it. He was therefore unlawfully upon a train not intended for passengers, and, but for his own wrongful conduct in intruding himself there, would not have lost his life. He was not willfully injured. There was no intent to bring about the collision which cost him his life. His presence on the train being unknown, the rule which requires the exercise of ordinary care to avoid unnecessary injury to a trespasser after his presence and danger are observed has no application.

The defendant, upon the facts, owed no duty to the deceased, and no action will lie for the negligence of the servants of the plaintiff by which the collision occurred. Actionable negligence consists in the failure to exercise that degree of care towards the plaintiff which was due to the plaintiff by the defendant under the circumstances of the case. That the servants of the defendant were under an obligation to exercise care in the movement of trains in order to prevent collisions may be conceded. This duty they neglected. But that was not a duty owed to the deceased under the facts of this case, and the breach of duty by which the collision occurred was not of a duty due to deceased. Eaton v. Railroad Co., 57 N. Y. 382; Planz v. Railroad Co., 157 Mass. 377, 32 N. E. 356, 17 L. R. A. 835; Files v. Same, 149 Mass. 204, 21 N. E. 311; Railroad Co. v. Bingham, 29 Ohio St. 369; Heaven v. Pender, 11 Q. B. Div. 503, 506; Lygo v. Newbold, 9 Exch. 302; Winterbottom v. Wright, 10 Mees. & W. 109; Sawyer v. Railway Co., 38 Minn. 103, 35 N. W. 671; Bank v. Ward, 100 U. S. 195, 25 L. Ed. 621; Shackleford's Adm'r v. Railroad

Co., 84 Ky. 43; Railroad v. Meacham, 91 Tenn. 428, 19 S. W. 232; Shear. & R. Neg. (5th Ed.) § 8.

Counsel for appellant has insisted with much force that the question as to the liability of the defendant must turn upon the provisions of the constitution of Kentucky and the statute law of that state, which, it is contended, give a right of action whenever the death is the result of negligence, without regard to other considerations.

Section 241 of the Kentucky constitution is as follows:

"Whenever the death of a person shall result from an injury inflicted by negligence or wrongful act, then, in every such case, damages may be recovered for such death, from the corporation and person causing the same."

Section 6 of the Kentucky statute, enacted since the adoption of the new constitution, is as follows:

"Whenever the death of a person shall result from an injury inflicted by negligence or wrongful act, then, in every such case, damages may be recovered for such death, from the person or persons, company or companies, corporation or corporations, their agents or servants causing the same, and when the act is willful, or the negligence is gross, punitive damages may be recovered."

We know of no authority which would require or justify us in attaching to the word "negligence," as used in the constitution and statute of Kentucky, any other than its well-known legal significance. The "negligence" which will authorize a recovery when death results is the actionable negligence which would authorize a recovery if death had not ensued. There is no actionable negligence unless there was a breach of some duty owed to the person injured. But it is said that the gross character of the negligence which brought about the collision constitutes "willful" negligence, under section 3, c. 57, Gen. St. Ky., and that that statute has been construed by the supreme court of Kentucky as imposing absolute liability, without regard to the contributory negligence of the plaintiff. Jones' Adm'r v. Railroad Co., 82 Ky. 611; Railroad Co. v. Privitt's Adm'r, 92 Ky. 223, 17 S. W. 484; Railroad Co. v. Survant, 96 Ky. 201, 27 S. W. 999. But section 3, c. 57, being the act of 1854 above referred to, and upon which the cases cited above were based, was repealed by section 6 of the Kentucky statute, and the word "willful," as descriptive of a degree of negligence, is now eliminated. With this change in the statute, the rule that contributory negligence was not available as a defense to any degree of negligence is no longer in force. Clark's Adm'x v. Railroad Co. (Ky.) 39 S. W. 840. Nor is a defendant prevented from relying upon contributory negligence by the terms of section 241 of the constitution. Passamaneck v. Railway Co. (Ky.) 32 S. W. 620. There is no error, and the judgment must be affirmed.