## Coldwell, et al. v. Davidson, et al

(Decided March 19, 1920.)

### Appeal from Leslie Circuit Court.

1. Specific Performance—Parol Contracts for Sale of Land—Improvements.—A parol contract for the sale of land can not be enforced, and since there is no claim for improvements made in this suit, or for any enhanced value on account thereof, the court properly dismissed the petition which in its essence sought a specific performance of a parol contract.

2. Specific Performance—Contract for Sale of Lands—Validity.—It is as essential to the transfer of a written contract for the sale of land that the transfer be made in writing and signed by the party to be charged as it is that the original contract of sale should be in writing and so signed.

3. Specific Performance—Parol Contract for Sale of Land.—Where the vendor under the parol contract of sale, after the death of the vendee, and with the consent of his widow, sold the land to another, who paid the agreed consideration to the widow, less the balance of the purchase price, and which consideration was adequate and did not exceed her distributable share of her husband's estate, a part of which was the enhanced value of the land on account of improvements, it can not be said that a failure to decree specific performance in a suit by the heirs of the vendee would work an injustice or operate inequitably as against them.

4. Specific Performance—Champerty.—The statute against champertous contracts can not avail plaintiffs, who seek a specific performance of the oral contract of their ancestor in this suit brought against the subsequent vendee of their ancestor's vendor,

since plaintiffs must succeed on the strength of their title and not upon the weakness of the defendants' title.

HAZELRIGG & HAZELRIGG, R. B. ROBERTS and J. M. MUNCY for appellants.

CLEON K. CALVERT and LEWIS & LEWIS for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

James Howard died in the year 1901, or 1902, a resident of Leslie county, leaving surviving him his widow, the appellant, Polly Feltner, and two infant children, the appellants, Green Monroe Howard and Linda Bell Coldwell (nee Howard). The deceased at the time of his death resided on a tract of land which we gather from the description contained between one hundred and twenty-five and one hundred and fifty acres.

The legal title to the land was in the brother of the deceased, one Esau Howard, who, it is claimed, sold the land to the deceased by title bond only, in the year 1898. About one year after the death of James Howard, Esau Howard endeavored to collect from his widow the balance of the purchase money due from her husband, amounting to between $26.00 and $30.00, and the widow, being unable to pay it, agreed that the land might be sold, by Esau Howard, and after satisfying the balance of his debt, the remainder of the consideration to be paid to her. Accordingly, a sale of the land was made to appellees and defendants below, M. V. Davidson and wife, Mollie Davidson, and a deed of conveyance made to them by Esau Howard and wife on September 22, 1902, after which he took possession and has held it continuously since.

This suit was brought by the widow and the two infant children of James Howard against Davidson and wife, alleging that the latter purchased the land with actual knowledge of the equitable title of the two infant plaintiffs, and that he holds it as their trustee, and they prayed that defendants' deed be so construed as to inure to plaintiffs' benefit, and that defendants be required to convey the land to plaintiffs. All of these allegations were put in issue by the answer, and other affirmative defenses were made, but which we do not deem it necessary to either mention or consider in disposing of the appeal. Upon final submission the petition was dis-

missed, followed by this appeal prosecuted by the plaintiffs.

At the threshold it may be observed that plaintiffs failed to establish the essential fact entitling them to the relief sought, to-wit, a valid contract for the purchase of the land by James Howard. The testimony abundantly establishes a parol contract of purchase, but it equally establishes that there was no writing evidencing any such contract. The consideration agreed to be paid to Esau Howard was $200.00, $170.00 of which was paid by delivering to him cattle and stock at an agreed valuation and the balance by the execution of a due bill which was unpaid at the death of James Howard, and to settle which the land was agreed to be and was sold to defendants. All of the consideration in the deed of defendants, except that balance, was paid to the widow of James Howard, and so far as the proof shows was used for the benefit of her family.

Section 470 of the Kentucky Statutes, commonly known as the statute of frauds, provides among other things that: "No action shall be brought to charge any person . . . upon any contract for the sale of real estate or any lease thereof for a longer term than one year." At one time in the early history of this court it was held that under certain conditions a verbal contract for the sale of land might be enforced. Nelson v. Forgy, 4 J. J. Marshall 569; Cheshire and Wife v. Payne, 16 B. Mon. 619; Harrow v. Johnson, 3 Metcalfe 578, and Hill's Admr. v. Spalding's Exor., 1 Duvall, 216. But, beginning with the case of Usher's Exor. v. Flood, 83 Ky. 552, it has been continuously held by this court that a parol contract for the sale of land was void so far as conferring any title upon the purchaser was concerned, and that it was unenforceable by either party, although equities might grow out of the relationships assumed because of the parol contract, but with which we have nothing to do in this case.

Some of the cases following the doctrine announced in the opinion in the case of Usher v. Flood, *supra*, are White v. O'Bannon, 86 Ky. 93; Newberger v. Adams, 92 Ky. 226; Wright v. Yates, 140 Ky. 283; Estes v. Estes, 142 Ky. 261; Padgett v. Decker, 145 Ky. 227; Coffey v. Humble, 154 Ky. 708, and Grainger v. Jenkins, 156 Ky. 257, L. R. A., 1915E, 404. So that under the doctrine of

the later cases from this court the plaintiffs could not defend an ejectment suit brought against them by Esau Howard, under the facts proven in this case, although, they might resist a recovery to the extent of asserting a lien for the enhanced value of the premises produced by lasting improvements made thereon, but this would be subject to be reduced by the value of the rent.

It is insisted, however, that the testimony shows that James Howard, at his death, and his widow after that time, was in possession of the bond for title which Esau Howard had executed for the same land to one Zan Steele prior to the time of the attempted sale to James Howard. But evidently plaintiffs can base no right on that title bond unless it had in some manner been legally transferred to James Howard, who assumed its obligation and became entitled to the deed which Esau Howard had agreed therein to execute to Zan Steele. There is an entire failure of proof to show the contents of the purported Zan Steele bond. No one testifies as to its contents, but whatever they were it is admitted, as it must be from the testimony, that there was never any written transfer of that paper by Zan Steele, or any other person, to James Howard.

It is as essential to the valid assignment of a bond for title that it be in writing and signed by the party to be charged as it is that the original contract should be in writing and signed by such party. Thus, in 20 Cyc. 219, upon this precise point, the text says: "The interest of a purchaser under an executory contract of sale is so far realty that it can not be assigned verbally."

If such written contract of purchase could be transferred by delivery only, thus conferring upon it the characteristic of negotiable paper, the statute of frauds would be nullified, and the evils flowing from a non-observance thereof would flourish without let or hindrance. The equitable estate of the purchaser under such a contract is itself real estate which, under the statute, must be transferred by written contract the same as is required in the conveyance of the legal title.

But it is said that when the defendants obtained their deed from Esau Howard, plaintiffs were in possession of the land claiming to be the owners thereof, and that defendants' deed was champertous and void. This fact, however, if true, can not avail plaintiffs in this case,

since they must succeed or fail upon the strength of their own title. Defendant is not seeking to enforce his deed or to obtain any affirmative relief thereunder, and the statute against champertous conveyances has no application under the facts disclosed by the record. If plaintiffs were in possession under James Howard's parol contract of purchase, and defendants were seeking in this suit to oust them by ejectment, the champerty statute might be relied on by plaintiffs, but we have no such case.

Nor does the judgment appealed from work an injustice or operate inequitably against plaintiffs. There is nothing to show that the consideration paid by defendants to Esau Howard, and to the widow of James Howard, was inadequate. At that time all that the plaintiffs would have been entitled to as between them and Esau Howard was the enhanced value of improvements put upon the land by James Howard, and we are convinced from the testimony that the $170.00 paid to the widow Howard fully covered the value of such enhancements, and under the statutes, she, as widow of her husband, would have been entitled as her distributable share to more than that amount.

We therefore conclude that the court properly dismissed the petition, and the judgment is therefore affirmed.