# ALBERT SCHULTZ v. JULIA B. THOMPSON.[1]

July 20, 1923.

No. 23,476.

**Amendment of complaint proper.**

1. Permitting the complaint to be amended was within the discretion of the trial court.

**When vendee may recover for valuable improvements made by him.**

2. Where a vendee, under and in reliance upon an oral contract to purchase, makes valuable improvements on the property, and the vendor refuses to carry out the contract, the vendee may recover for such improvements to the extent that they enhanced the value of the property.

**Ground for allowing such recovery.**

3. The right to recover for such improvements is based on the ground that the vendor, through whose fault the contract failed, ought not to obtain the enhanced value given to his property by the money and labor of the vendee without making compensation therefor.

**Tender of performance unnecessary after refusal of vendor.**

4. After defendant refused to perform, tender of further performance by plaintiff was unnecessary.

**Right of such recovery not lost because vendee was a tenant.**

5. The fact that plaintiff was in possession under a lease did not deprive him of the right to recover for improvements made solely under and reliance on the contract to purchase.

**Judgment for restitution of premises not bar to this action.**

6. The questions here involved could not be litigated in an action under the unlawful detainer statute and a judgment for restitution of the premises rendered in such an action is not a bar to this action.

**Vendee entitled to allowance for plowing and preparing for crop.**

7. Where the vendee, in reliance on the contract to purchase, plows and prepares the land for a crop, and the vendor takes possession and

[1]Reported in 194 N. W. 884.

has the benefit of such preparation, the value thereof may be taken into account in determining the amount in which the value of the property has been enhanced by the vendee.

**Charge correct.**

8. There were no prejudicial errors in the charge.

Action in the district court for Jackson county to recover $1,-370.63, value of improvements placed by a tenant upon a farm. The case was tried before Dean, J., who at the close of the testimony denied defendant's motion for a directed verdict, and a jury which returned a verdict for $1,217.64. From an order denying her motion for a new trial, defendant appealed. Affirmed.

*O. Thoreson,* for appellant.

*O. J. Finstad,* for respondent.

TAYLOR, C.

Plaintiff and defendant entered into a written lease whereby plaintiff rented from defendant a farm of about 77 acres bordering on Heron Lake in Jackson county for a term of one year beginning on March 1, 1917, and ending on March 1, 1918, and plaintiff went into possession under the lease. Before the expiration of this lease, plaintiff and defendant made an agreement to extend it on the same terms and conditions for another year beginning March 1, 1918, and ending March 1, 1919. In August, 1918, plaintiff and defendant had a conversation about renting the farm for another year. Plaintiff wanted the barn repaired or a new one built. Defendant was unwilling to do this and suggested that plaintiff buy the place. They came to an agreement by which plaintiff was to buy the farm at $150 per acre. He gave a check of $500 to apply on the purchase price and was to pay enough more on March 1, 1919, to reduce the unpaid purchase price to the sum of $10,000. The remaining $10,000 was to bear interest at the rate of 5 per centum per annum and be payable in instalments at specified times. The exact acreage of the farm was to be ascertained and they were to meet in about 10 days for the purpose of executing a written contract. According to plaintiff's witnesses, when he delivered the

check of $500 defendant told him: "Now you can go to work and put up the buildings to suit yourself." After making this verbal agreement, defendant was away for a considerable time and the parties did not meet until after her return. The time of this meeting is in dispute, defendant claiming that it was in October, and one of plaintiff's witnesses placing it as late as the following January. At this meeting it developed that, after making the agreement with plaintiff, defendant had executed a deed conveying to the trustee of a hunting club an acre of the land on a point jutting into the lake, together with a right of way 2 rods in width across the farm to this tract and the perpetual right to use the well on the farm and such firewood as might be necessary for the use of the grantee for heating purposes. Whether this deed had already been delivered to the grantee is not clear, for it was produced at this meeting and had not been recorded. Plaintiff insisted that this conveyance was a breach of the contract and that defendant must procure a rescission of it before he would take the farm. Defendant stated in substance that this deed had been made and must stand and also that plaintiff must pay interest at the rate of $5\frac{1}{2}$ per cent per annum on the deferred payments. That the original agreement fixed the rate of interest at 5 per cent is conceded. Plaintiff refused to pay $5\frac{1}{2}$ per cent, but finally offered to pay $5\frac{1}{4}$ per cent, which defendant refused. As a result of these disagreements no written contract was made and the purchase was never consummated. At the end of plaintiff's leasehold term, defendant evicted him from the premises in proceedings under the unlawful detainer statute. After making the oral agreement and before the next meeting of the parties, plaintiff began the construction of a basement barn and made other improvements. Claiming that he had made these improvements under and in reliance upon defendant's agreement to sell him the farm and that she had received the benefit of them in the enhanced value of her property, plaintiff brought this action to recover therefor. The trial resulted in a verdict in his favor for the sum of $1,217.64. Defendant appealed from an order denying a new trial.

1. This is the second trial of the action. It seems from the briefs that under the complaint as it stood at the first trial the court limited plaintiff to proof of an express agreement to pay for the improvements. At the second trial plaintiff was permitted to serve an amended complaint which differed from the original complaint principally in omitting an allegation that defendant had agreed to pay for the improvements. Defendant complains that the amendment changed the theory of the action. Permitting it was clearly within the discretion of the trial court and a proper exercise of that discretion.

2. Defendant contends that the complaint fails to state and the evidence fails to prove a cause of action.

It is well settled that where a vendee under and in reliance upon an oral contract to purchase makes valuable improvements on the property and the vendor refuses to carry out the oral contract, the vendee may recover for such improvements to the extent that they enhanced the value of the property. Ernst v. Schmidt, 66 Wash. 452, 119 Pac. 828, Ann. Cas. 1913C, 389, and cases cited in note at page 390, 25 R. C. L. 727, § 375, and cases there cited. We need not stop to inquire whether the contract, unenforceable because not in writing, is sufficiently definite and certain to be specifically enforced if it had been in writing. The right of the vendee to recover for improvements made in good faith in reliance on an oral contract which fails through no fault of his, does not rest on the contract or any right to enforce it, but rests on the ground that the vendor, through whose fault the contract failed, ought not to obtain the enhanced value given to his property by the money and labor of the vendee without making compensation therefor.

3. Defendant urges that plaintiff did not show a tender of performance on his part. After defendant had refused to make the written contract unless made subject to the deed to the hunting club, and for an increased rate of interest on the deferred payments, a further tender of performance by plaintiff was unnecessary.

4. Defendant urges that plaintiff is not entitled to recover for improvements because he was in possession under his lease and not under the contract to purchase. He was rightfully in possession.

Any improvements which he may have made that were required by or attributable to his lease, or his duties as a tenant, could not be made the basis of a claim under his contract to purchase, but the fact that he was a tenant and in possession under a lease did not deprive him of the right to recover for improvements made solely under and in reliance on the contract to purchase.

5. At the termination of the lease, defendant obtained a judgment for restitution of the premises in an action brought before a justice of the peace under the unlawful detainer statute. In his answer in that action, plaintiff set forth substantially the same facts set forth in his complaint in the present action, and defendant insists that the judgment in that action is a bar to the prosecution of the present action. The justice had no jurisdiction to determine the matters alleged in the answer and did not assume to do so. This court has ruled consistently and repeatedly that the only question involved in an action under the unlawful detainer statute is the right to the present possession of the property. The justice of the peace determined that question and no other, and the judgment rendered is not a bar to any action involving any other rights of the parties. Dunnell, Minn. Dig. and Supps. §§ 5459, 5460; 112 Am. St. note at page 38.

6. In the fall of 1918 for the purpose of preparing for a crop the next season, plaintiff plowed about 46 acres of the land and seeded 22 acres of it to rye. Defendant insists that as this was not a permanent improvement the court erred in permitting the jury to take it into consideration in determining the amount to which plaintiff was entitled. It was not a permanent improvement, but defendant had the benefit of it. She farmed the land herself the next season and had the use of the plowing and took the crop of rye. Having had the benefit of plaintiff's work and plaintiff's seed, we fail to see why she should not compensate him for it as well as for the so-called permanent improvements.

7. In the charge, the court in outlining the claims of the parties stated that plaintiff "went ahead and plowed forty-six acres of ground on which he sowed rye in the fall." Defendant assigns this as error, for the reason that only 22 acres were sown to rye. The

statement that the entire 46 acres were sown to rye was clearly a mistake, but we think the mistake was harmless, for it was undisputed that only 22 acres of the 46 had been sown to rye, and the court expressly cautioned the jury not to take his statements concerning the facts, but to rely on their own recollection of the evidence.

8. Defendant also insists that the court erred in directing the jury to base their verdict on the amount which the land had been increased in value by plaintiff, on the ground that it did not limit the amount of recovery to the expenditure in money and labor made by plaintiff. We think the charge is not subject to this criticism, although the limitation was not stated in that form. However, the amount allowed was within the cost of the improvements as shown by plaintiff's evidence. For the rule governing such cases see Lancoure v. Dupre, 53 Minn. 301, 55 N. W. 129.

The remaining assignments of error referred to in the brief do not require special mention. We find no reversible errors and the order is affirmed.