# Vogel v. Massey.

(Decided Nov. 20, 1934.)

LAURENCE B. FINN for appellant.

RODES & HARLIN for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Reversing.

This action was brought to recover the sum of $1,538.38 expended by appellee for improvements on a house owned by appellant which appellee claims the appellant agreed under a parol contract to convey to her.

The appellee is appellant's daughter. Appellant owned two houses in Bowling Green located on adjoining lots. She lived in one of the houses and rented the house on the other lot but it was in bad repair. Appellee alleged in her petition that on the ——— day of April, 1932, her mother offered to convey the house and lot to her if she would repair the house and if she and her husband would occupy it as a residence. The proof shows that on April 12, 1932, the appellee employed an attorney to prepare a deed conveying the property to her in fee simple and that her husband delivered the deed to her mother to be executed by her. On the following day she began making repairs on the property and she and her husband moved into the house on May 28, 1932. Some time after May 12, 1932, she asked her mother if she had signed the deed which had been given to her and her mother replied that she would not sign and deliver the deed as it was not in accordance with the agreement and she then handed to her daughter a deed dated May 12, 1932, which she had executed and which conveyed the property to her daughter for her natural life or as long as she continued to live in the house, the title to the property to revert to the grantor

upon the death of the grantee or upon her failure to occupy the house as a residence, provided the grantor outlived the grantee, and in the event the grantor predeceased the grantee the property was to pass to a charitable organization on the death of Mrs. Massey. The appellee refused to accept the deed conveying to her a life estate in the property and this litigation followed.

The chancellor adjudged the plaintiff the relief prayed for in the petition, but charged her with rent at the rate of $18 per month from May 28, 1932, to January 28, 1934, with 6 per cent. interest on all overdue monthly installments and credited the judgment with the sum of $378. Mrs. Vogel has appealed.

It is her contention that while the pleadings and the proof conclusively establish a parol agreement to convey, they also establish two conditions precedent, to wit, an agreement to live in the house and an agreement not to sell it, and that the appellant complied with the terms of the agreement by tendering her daughter a deed to the property conveying to her a life estate, and that, since the daughter refused to accept the tendered deed, no cause of action existed in her favor. The proof clearly shows that the appellant intended to convey, and the appellee expected to acquire, more than a life estate in the property. The proof shows that the agreement contemplated the conveyance of a fee-simple title with, at most, certain restrictions as to occupancy and sale of the property. Appellee's understanding of the agreement is shown by the form of the deed she prepared and delivered to her mother on April 12, 1932, for the latter to sign. Mrs. Vogel retained the deed for more than a month while her daughter was making the improvements on the property. When the improvements had been substantially completed, she tendered to her daughter a deed conveying to her the property for her natural life or so long as she continued to reside in the house. This was not in accordance with the parol agreement and the daughter refused to accept it.

Under section 470 of the Kentucky Statutes, commonly known as the statute of frauds, no action for the specific performance of a parol contract for the sale of land will lie, but where a vendee enters on premises under a parol contract of purchase which is repudiated by the vendor, he is entitled to recover the purchase

money paid by him and also the amount by which the land has been enhanced in value by improvements placed upon the land by the purchaser while in his possession under the parol contract.

In Zanone v. Tashgian, 231 Ky. 454, 21 S. W. (2d) 825, 827, it was said:

"A verbal contract respecting real estate is not void, but its enforcement is prohibited, because legal proof of it cannot be made. Section 470, Ky. Stats.; Campbell v. Preece, 133 Ky. 572, 118 S. W. 373; Duteil v. Mullens, 192 Ky. 618, 234 S. W. 192, 20 A. L. R. 361. But, if the situation of the parties has been altered in reliance upon such a contract, the court will require the return of the consideration paid, and compel compensation to be made for any improvements enhancing the vendible value of the property. Dean v. Cassiday, 88 Ky. 572, 11 S. W. 601 [11 Ky. Law Rep. 105]; Usher v. Flood, 83 Ky. 552; Coldwell v. Davidson, 187 Ky. 492, 219 S. W. 445."

The appellee cites Crain v. Crain, 197 Ky. 813, 248 S. W. 176, 177, in support of the chancellor's judgment adjudging the appellee the full amount expended by her in making improvements on the property while it was in her possession under the parol contract.

In the opinion in the Crain Case it was stated in substance that where the grantee puts valuable permanent improvements on property in his possession under a parol contract of sale, the grantor cannot recover the land until he places the grantee in statu quo. It was not meant by that statement that under any and all circumstances the grantee could recover the full amount expended by him for improvements. This is shown by a reference to the cases cited in support of that statement and by the sentence which immediately follows which reads:

"He must pay a reasonable price for such valuable and lasting improvements as were placed on the land by the grantee while in good faith relying upon his verbal contract."

The correct and well-established rule in this and other jurisdictions is that where a vendee under and in reliance upon an oral contract to purchase real estate makes valuable improvements on the property and the

vendor repudiates the contract, the vendee may recover for such improvements to the extent that they enhance the value of the property. The right of the vendee to recover does not rest on the contract, but on the ground that the vendor should be required to pay the vendee for the improvements to the extent they enhanced the value of the property and which the vendee was induced to make by the conduct of the vendor.

In Schneider v. Reed, 123 Wis. 488, 101 N. W. 682, 685, the rule is thus stated:

"Where a purchaser of land, without fault on his part, has in good faith made permanent and valuable improvements thereon, and is unable to compel specific performance of his supposed contract because it is not in writing, and the vendor refuses to complete the same, the purchaser is entitled in equity to compensation for the amount which his improvements have added to the value of the land, less the rents and profits properly chargeable against him while in possession."

In Rhea v. Allison, 3 Head. 176, the Supreme Court of Tennessee stated the rule as follows:

"It is settled, in this State, that where a man is put in possession of land by the owner, upon an invalid or verbal sale, which the owner fails or refuses to complete, and in the expectation of the performance of the contract, makes improvements, a Court of Equity will directly and actively, upon a bill filed by him against the owner for an account, make him compensation to the full value of all his improvements, to the extent they have enhanced the value of the land, deducting rents and profits, and will treat the land as subject to a lien therefor."

Other cases from this and other jurisdictions to the same effect are Coldwell v. Davidson, 187 Ky. 490, 219 S. W. 445; Grace v. Gholson, 159 Ky. 359, 167 S. W. 420; Bobbitt v. James, 148 Ky. 244, 146 S. W. 431; Carter v. Carter, 182 N. C. 186, 108 S. E. 765, 17 A. L. R. 945; Perry v. Norton, 182 N. C. 585, 109 S. E. 641; Schultz v. Thompson, 156 Minn. 357, 194 N. W. 884; Ernst v. Schmidt, 66 Wash. 452, 119 P. 828, Ann. Cas. 1913C, 389.

There is some evidence that appellee continued to make improvements on the property after her mother notified her that she would not sign the deed submitted

to her by appellee and tendered a deed conveying a life estate only. This was notice to appellee that appellant abrogated the contract and any improvements made after that were made without her consent or acquiescence. Appellee was entitled to compensation for the amount which the improvements, made prior to the time her mother notified her she would not carry out the contract, enhanced the value of the land less the rents properly chargeable against her while in possession. The proof was not directed to the value of the improvements but only to the actual amount expended and for that reason we are unable to direct the proper judgment to be entered, but the judgment will have to be reversed so that the parties may be permitted to introduce proof as to the extent the improvements enhanced the value of the property.

The judgment is reversed.