William J. KRUPICKA, Appellant,

v.

Freddie E. WHITE and Wife, Billie White, Appellees.

No. 1258.

Court of Civil Appeals of Texas, Tyler.

July 12, 1979.

Dane Everton, Lesikar, Kacir & Everton, Temple, for appellant.

Jerry Secrest, Daniel, Tarver & Secrest, Temple, for appellees.

MOORE, Justice.

Plaintiffs, Freddie E. White and wife, Billie White, brought suit against defendant, William J. Krupicka, seeking to recover the value of improvements made on a house situated on land owned by the defendant. Plaintiffs alleged that prior to the time they made the improvements, Krupicka entered into an oral agreement with them agreeing to convey to them the house and 2.5 acres of land for the sum of $7,500.00. Plaintiffs alleged that after valuable improvements had been made on the house, Krupicka repudiated the agreement and refused to sign the deed. Defendant answer-

ed with a general denial and affirmatively alleged that the oral contract was unenforceable under the provisions of sec. 26.01, et seq., Tex.Bus. & Comm.Code Ann., known as the Statute of Frauds. After a trial before a jury, the trial court rendered judgment on the verdict in favor of the plaintiffs for the sum of $4,500.00, from which the defendant perfected this appeal.[1]

We affirm.

The material facts do not appear to·be in dispute. In the first part of August 1972, White and Krupicka entered into an oral agreement for the sale and purchase of a house and 2.5 acres of land for the sum of $7,500.00. At the time of the oral agreement the house was not in a liveable condition due to the fact that Krupicka had moved it from one location on his land to another. The parties agreed that White would make improvements and after the improvements were made he would secure a loan for $7,500.00 in order to pay for the property and that Krupicka would then execute the deed. Thereafter, White leveled the house on the land, underpinned it, painted it inside and out, built a porch, dug water lines, dug and installed a concrete cesspool, laid lateral lines, repaired the eaves of the house, replaced some windows, replaced some doors and all door hardware, replaced bathroom and kitchen hardware, replaced most light fixtures, rewired the house, refinished the floors, laid some linoleum, installed a gravel driveway, planted trees, and built a bridge across the county road ditch to make a driveway. Krupicka assisted him to some extent in making some of the improvements.

With the permission of Krupicka, the Whites moved into the house sometime about the middle of October 1972. In December 1972, they obtained a loan commitment from a savings and loan institution to obtain a loan in the amount of $9,000.00. According to Mr. White's testimony, the agreement was that upon the completion of

1. This is the second appeal of this case. See *Krupicka v. White*, 519 S.W.2d 155 (Tex.Civ. App.—Austin 1975, no writ). In the first case plaintiffs' request for specific performance was denied by the Court of Civil Appeals.

the improvements White was to obtain a loan on the property for as much as he could above $7,500.00, and the balance above that amount was to be returned to him by Mr. Krupicka to reimburse his expenses in making the improvements. According to Mr. Krupicka, the agreement was that the plaintiff would obtain a loan only for $7,500.00. He testified, however, that after plaintiffs commenced the improvements Mr. White told him he was going to get a loan for more than $7,500.00 and that it was alright with him.

After the improvements had been completed the plaintiffs executed all of the papers required by the savings and loan association to obtain a loan in the amount of $9,000.00. Thereafter, Mr. Krupicka went to the loan office for the purpose of executing a deed to the property in order to close the loan. He testified that when he found that the loan was for $9,000.00 rather than $7,500.00, he refused to execute the deed because he never agreed that they were to obtain a loan in excess of $7,500.00. A few days after refusing to sign the deed, Mr. Krupicka went to the Whites' home and demanded that they start paying rent or move out of the house. Mr. White testified that he offered to get another loan or to do whatever was necessary but Mr. Krupicka became very belligerent and insisted that they either pay rent or move out of the house. Mr. White testified that sometime in January 1973, he and his family came home one night and found padlocks on all of the doors to the house and a wire stretched across the driveway with something sticking up in the driveway to keep them from entering. Mr. Krupicka admitted that he padlocked the house but testified that the Whites were not living in the house at the time. While the record is not clear it appears that the plaintiffs were compelled to seek injunctive relief in order to move their possessions from the house.

Mr. White testified that they had expended the sum of $1,705.73 for materials in making the improvements and he estimated the reasonable value of the labor for himself and his family amounted to approximately $4,000.00. Plaintiffs also introduced testimony showing that before the improvements were made the property had a value of $7,500.00 and after the improvements were made the property had a value of $12,000.00.

In response to the special issues the jury found: (1) the value of the 2.5 acres and house immediately before the improvements were made was $7,500.00; (2) that after the improvements were made the property had a value of $12,000.00; (3) that the reasonable value of the labor provided by White and his family in making the improvements amounted to $2,800.00; and (4) that the reasonable value of the materials provided by White in making the improvements amounted to $1,700.00. The plaintiffs did not request and the trial court did not submit to the jury any other issues with regard to the plaintiffs' claim for unjust enrichment.

Under the first point of error the defendant contends that the evidence raises a fact issue on the question of whether the defendant breached or repudiated the oral contract, and that by their failure to request or obtain an affirmative jury finding thereon, the plaintiffs waived their right of recovery. In reply, plaintiffs say that each and every element of their claim except for the amount of damages was conclusively established as a matter of law and therefore it was not necessary to submit such an issue to the jury.

In his brief, defendant makes the following significant statements on pp. 4–5:

"At the trial, it was established beyond question that: (1) in the first part of August, 1972, White and Krupicka entered into an oral agreement for the sale of a house and 2.5 acres of land for $7,500.00; (2) the property was part of the defendant's homestead; (3) White was purchasing the property as it stood, and the house was not in a liveable condition; (4) the plaintiff in the early part of August began to make improvements to the property and that the improvements were valuable; (5) the plaintiff finished the improvements and began living in the

house in the first part of October 1972; (6) the deal fell through and was never consummated."

While we have found no Texas case which we consider to be directly in point, the well established rule in other jurisdictions is that where a vendee under and in reliance upon an oral contract to purchase real estate makes valuable improvements on the property and the vendor repudiates the contract, the vendee may recover for such improvements to the extent that they enhance the value of the property. 37 C.J.S. Frauds § 260, pp. 781–82; *Schultz v. Johnson*, 156 Minn. 357, 194 N.W. 884, 885 (1923); *Vogel v. Massey*, 256 Ky. 419, 76 S.W.2d 257 (1934); *Wlaschin v. Affleck*, 167 Neb. 403, 93 N.W.2d 186 (1958); *Blank v. Rodgers*, 82 Cal.App. 35, 255 P. 235 (1927); also see *Morrison v. Farmer*, 147 Tex. 122, 213 S.W.2d 813 (1948).

In *Schultz v. Johnson*, supra, the court stated:

"The right of the vendee to recover for improvements made in good faith in reliance on an oral contract which fails through no fault of his, does not rest on the contract or any right to enforce it, but rests on the ground that the vendor through whose fault the contract failed ought not to obtain the enhanced value given to his property by the money and labor of the vendee without making compensation therefor.

"Defendant urges that plaintiff did not show a tender of performance on his part. After defendant had refused to make the written contract unless made subject to the deed to the hunting club and for an increased rate of interest on the deferred payments, a further tender of performance by plaintiff was unnecessary."

The court in that case specifically held: ". . . where a vendee under and in reliance upon an oral contract to purchase makes valuable improvements on the property, and the vendor refuses to carry out the contract, the vendee may recover for such improvement to the extent that they enhanced the value of the property."

Although some courts do not specifically characterize this type of action as one for "unjust enrichment" or "quasi-contract," it is clear that the basis of most of the decisions rests on the same principal. 37 C.J.S. Frauds, § 260, p. 782; *Wlaschin v. Affleck*, supra.

As we view the record in the present case, all essential elements of the plaintiffs cause of action for unjust enrichment, except for the amount of damages, were conclusively established. This being the case, no jury finding was necessary to establish such undisputed facts. Rule 272, Tex.R. Civ.P.; *Sullivan v. Barnett*, 471 S.W.2d 39 (Tex.1971); *Marburger v. Jackson*, 513 S.W.2d 652 (Tex.Civ.App.—Corpus Christi 1974, writ ref'd n. r. e.).

While defendant concedes that the parties entered into an oral contract for the sale and purchase of the property, he contends that a disputed fact issue was raised upon the question of whether he repudiated or refused to carry out the oral contract.

In this connection the undisputed testimony shows that when the defendant advised plaintiffs that he was not going to sign the deed, Mr. White offered to obtain a new loan or to do whatever was necessary to satisfy the defendant so as to consummate the transaction. Rather than attempting to negotiate the matter, Mr. Krupicka became belligerent and demanded that the plaintiffs commence paying rent or vacate the premises. At the trial, Krupicka testified that he would have signed the deed and consummated the transaction at the time the deed was presented to him in December 1972, had the deed recited a consideration of $7,500.00, but from and after that time he changed his mind. At one point in his testimony Krupicka testified that he was still willing to consummate the contract provided he was furnished with a deed showing a consideration of $7,500.00; but he later changed his testimony stating, in substance, that he would not fulfill the contract under any circumstances. In our view, defendant's testimony, when taken together with the undisputed facts showing that he evicted the plaintiffs from the

premises, conclusively shows that he repudiated and refused to carry out the contract. In these circumstances a further tender of performance by the plaintiffs was unnecessary. Defendant's first point of error is overruled.

By the second point defendant Krupicka urges that the trial court erred in overruling his special exceptions to the plaintiffs' petition on the ground that the petition failed to allege a cause of action for the breach of an implied contract. Defendant seems to take the position that plaintiffs' cause of action was for the recovery of the value of labor and material based upon an implied contract. As we view the record the contention is without merit.

In his brief, defendant undertakes to interpret the allegations of the plaintiffs' petition and makes the following statement at p. 4 from which we quote:

"The Plaintiff plead an oral contract to sell land between the Plaintiff as purchaser and defendant as seller, the taking of possession by Plaintiff, construction of improvements by Plaintiff, an intentional and bad faith breach of the contract of sale by the Defendant, the inuring of the improvements to the benefit of the Defendant, and the unjust enrichment of the Defendant. There was no prayer for specific performance."

■ Under our rules of civil procedure the only requirement is that the pleadings set forth a short statement of the cause of action sufficient to give fair notice of the claim involved. Rule 47(a), Tex.R.Civ.P. The nature and character of the suit is determined from the allegations in the petition. *Wynn v. State Ex Rel. Wichita County,* 431 S.W.2d 934, 935 (Tex.Civ.App.—Fort Worth 1968, no writ). From the declarations of the petition there is thus a showing of an unjust enrichment of the defendant at the expense of the plaintiff from which follows the legal conclusion that plaintiff is entitled to relief to the extent of the reasonable value of his improvements. Contrary to defendant's contention, plaintiffs did not seek a recovery for labor and materials on the basis of a contract implied in

fact, but based their cause of action on quasi-contractual liability for unjust enrichment.

■ In ruling on special exceptions to the pleadings, a large measure of discretion is lodged in the trial court and, in the absence of a showing of abuse of discretion or injury resulting from the ruling of the court, the ruling will not be disturbed. *H. O. Dyer, Inc. v. Steele,* 489 S.W.2d 686, 689 (Tex.Civ.App.—Houston [1st Dist.] 1973, no writ); *Rodriguez v. Yenawine,* 556 S.W.2d 410 (Tex.Civ.App.—Austin 1977, no writ). In our view, the pleadings were sufficient to give the defendant fair notice of the claim involved.

In points three through eight, defendant attacks the jury's findings to special issues nos. 3 and 4 wherein the jury found that the reasonable value of the labor and materials furnished by the plaintiffs in improving the property amounted to $4,500.00. Defendant contends that there is no evidence to support such findings. Alternatively, he contends that the findings are against the overwhelming weight and preponderance of the evidence. For reasons hereinafter explained, we have concluded that the jury's findings to these issues are superfluous and immaterial.

■ In a case of this type, the value of the improvements is to be measured not by the amount expended for the improvements but by the increase in the value of the land. 37 C.J.S. Frauds § 260, pp. 781–82; *Morrison v. Farmer,* supra; *Schultz v. Johnson,* supra.

In response to special issues nos. 1 and 2, the jury found that the property in question was enhanced in value in the amount of $4,500.00. Defendant has no point of error challenging the jury's finding to Special Issues Nos. 1 and 2. In support of the judgment it must be presumed that the court disregarded the jury's finding to special issues 3 and 4 and entered judgment on the basis of the enhancement in value of the property as found by the jury in response to special issues 1 and 2.

The jury's findings as to the amount of labor and material furnished by the plaintiffs is nothing more than surplusage. *Martin v. Darcy*, 357 S.W.2d 457 (Tex.Civ. App.—San Antonio 1962, writ ref'd n. r. e.). For this reason they could not have affected the judgment to be rendered. *Schiller v. Rice*, 151 Tex. 116, 246 S.W.2d 607, 615 (1952); *City of San Augustine v. Roy W. Green Co.*, 548 S.W.2d 467, 470 (Tex.Civ. App.—Tyler 1977, writ ref'd n. r. e.). Under these circumstances a determination of whether the findings were supported by the evidence, or whether such findings are against the overwhelming weight and preponderance of the evidence, would be purely academic and unnecessary.

The judgment of the trial court is affirmed.