JUDGE ROBERTSON
delivered the opinion oe the court:
On the 23d of May, 1868, D. B. Willis and the appellants, Elba Hill and W. J. Bergen, trustees of the Forest. Hill school district, in Madison county, Kentucky, employed the appellee, Lewis C. Harris, to teach a school for four months, at the price of forty-five dollars a month. The appellee forthwith commenced teaching in the school-house of that district. After teaching about three weeks, faithfully and satisfactorily, according to the testimony, the appellants alone — their co-trustee, Willis, dissenting — gave him the following notice :
“June 22d, 1868.
“Mr. Harris: We, the trustees, notify you that we desire you to discontinue the Forest Hill school, from the fact of your price being too high, and through the common rumor of the children.
“Wm. J. Bergen,
“ Elba Hill.”
The appellee accordingly retired, without delay, and brought this action of tort for damages for wrongful ejection from the school. The jury, on a general issue, assessed the damage at one hundred and eighty dollars, and the circuit court, overruling a motion for a new trial, rendered judgment for the amount so assessed.
*452 As the action is not on the contract, hut is only for a tortious violation of a right resulting from it, Willis, who did not participate in the alleged wrong, hut opposed it, was not a necessary, hut would have been an improper, party.
There was no available error in either giving or refusing instructions; and the only doubtful question remaining for consideration, is on the alleged exorbitance of the verdict:
The amount assessed is as much as the appellee would have been entitled to had he taught the school the entire .term of four months. And this case is of that class in which offer or' readiness to perform is not equivalent to full performance; and there is neither direct allegation nor explicit proof of special damage resulting from loss of character or of other employment. But the peculiar and disparaging tone of the notice, and the absence of proof or presumption of any other vacant school, authorized the jury to presume on a loss both of character and time. Then, even though the evidence did not establish anything like a mathematical standard for fixing a precise rate of damage, yet this court cannot, on any definable ground, judicially determine that the verdict and judgment were erroneous. We ought rather to presume that both are right.
Wherefore, the judgment is affirmed.