CASE 70—ACTION BY THOMAS WARE'S ADMR. AGAINST THE CITY OF
OWENSBORO, WESTINGHOUSE, CHURCH, KERR & CO., AND THE CUM-
BERLAND TELEPHONE & TELEGRAPH CO. FOR CONCURRING NEGLI-
GENCE IN CAUSING THE DEATH OF PLAINTIFF'S INTESTATE.—
MAY 20.

# Cumberland Telephone & Telegraph Co. v. Ware's Admx.

APPEAL FROM DAVIESS CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AGAINST C. T. & T. CO. AND IT APPEALS.
AFFIRMED.

NEGLIGENCE—JOINT TORT FEASORS—LIABILITY—DEATH OF SERVANT—
CHALLENGES TO JURORS—NUMBER—CONFLICT IN INTEREST OF DE-
FENDANTS.

Held:   1. CONCURRING NEGLIGENCE—JOINT TORT FEASORS—DEATH OF
SERVANT—LIABILITY.   In a joint action by the administrator
against the city, its contractor, and the telephone company for
causing the death of the plaintiff's intestate, who was the servant
of the telephone company, HELD, if the city and its contractor
strung an electric light wire charged with electricity and left
it without proper insulation, and the telephone company negli-
gently brought its wire in contact with the electric light wire,
whereby plaintiff's intestate was killed, their concurring negligent
acts having produced the death of plaintiff's intestate, his action
may be maintained against one or all of the defendants.
2. In an action against three joint tort feasors, an instruction more
favorable to two of them than they are entitled to as against
the plaintiff is not an error of which the third can complain.
3. In an action against a city, its contractor, and a telephone
company, based on the theory that the city and its contractor
strung and charged with electricity an electric light wire without
proper insulation, and that the telephone company negligently
brought its wire in contact with the electric light wire, thereby
killing plaintiff's intestate, a servant of the telephone com-
pany employed in stringing the telephone wire, an instruction
that though the electric light wire was not properly insulated,
yet if the servants of the telephone company, including in-
testate, knew of the danger of bringing the wire in contact
with the electric light wire, and might with reasonable care
have avoided such contact, and negligently brought about the
contact, then, if the jury found for the plaintiff, they should
find against the telephone company alone, was not erroneous as

telling the jury to find against the telephone company, though intestate knew of the defective insulation of the electric light wire, and by his own negligence brought the telephone wire into contact with it.

4. The instruction is not erroneous as permitting a recovery, though the negligent act resulting in intestate's death was that of a fellow servant, other instructions having stated that plaintiff could not recover unless intestate's death was produced by the negligent act of a person in charge of the work, and submitting to the jury the question as to whether or not such person was the superior of intestate and had the right to direct him.

5. The instruction that a servant assumes the ordinary risks incident to his service, which includes the "occasional" carelessness, etc., of fellow servants, and that if plaintiff's intestate, while in the employ of a telephone company, came to his death either from his own negligence or from that of a fellow servant, it would not be liable, was not misleading, though the word "occasional" should not have been used, other instructions having specifically stated that plaintiff could not recover if intestate's death was produced by the negligence of fellow servants.

6. The act of a foreman of a crew engaged in stringing telephone wires in bringing a telephone wire in contact with a live electric light wire, thereby killing a member of the crew, is the proximate cause of the death.

7. Under Kentucky Statutes, 1899, section 2258, providing that each party litigant in civil actions shall have the right to three peremptory challenges, and section 2267, declaring that in all civil cases the clerk shall draw from the box the names of eighteen of the jury and deliver a list to each party, from which plaintiff and defendant may each strike three, the first twelve names not erased to be the jury, one of three defendants, though he files an affidavit averring that his defense is in conflict with his co-defendants', is not entitled to three peremptory challenges alone, but the three together are only entitled to the three challenges.

SWEENEY, ELLIS & SWEENEY, WILLIAM L. GRABERRY, AND HUMPHREY, BURNETT & HUMPHREY, FOR APPELLANT.

BRIEF STATEMENT OF MATTERS DISCUSSED AND AUTHORITIES.

1. To accurately understand the argument presented in this brief, the pleadings should be critically considered. McLaughlin v. Louisville Electric Light Co., 18 Ky. Law Rep., 693; Overall v. Same, 20 Ky. Law Rep., 759; Mitchell's Admrx., v. Raleigh Electric Co., 125 N. C., 166; (In 55 Lawyers R. A., 398.)

2. With an accurate knowledge of the pleadings as contemplated in point one, the court's attention is now invited to the errors in some instructions of which appellant complains. McLaughlin v. Louisville Electric Light Co., 18 Ky. Law Rep., 699-701.

3. Instructions Numbers 3, 4, 5, 6 and 13 are erroneous and prejudicial.

4. The facts as they appear in the record. A correct conception of these facts is necessary to emphasize the errors complained of in instructions.

5. Instruction No. 5 considered. L. & N. R. R. Co. v. Berry, Admr., 96 Ky., 610.

6. The lower court erred to the prejudice of appellant in refusing to grant its motion for a separate trial, and in denying to it the right to have a panel of the jury, and the right to peremptorily challenge three jurors therefrom. Thompson & Merriman on Juries, sec. 163; Stroh v. Hickman, 37 Mich., 490; Fraser v. Jennings, 42 Mich., 206; Reynolds v. Rowley, 2 La., 890.

7. The lower court abused its discretion in arranging arguments and by denying appellant its legal rights in that respect. Sandusky v. McGee, 4 J. J. Marshall, 271.

8. The court erred to the substantial rights of appellant in the admission and rejection of evidence.

9. Appellant is not legally liable for the death of appellee's intestate because the death was not the proximate result of appellant's negligence, or any negligence on its part. Aetna Fire Insurance Co. v. Boone, 95 U. S., 130; Rogers v. Armstrong Co., 30 S. W., 848; Texas & Pac. Ry. Co. v. Stell, 61 S. W., 980; Hundhausen v. Atkins. 35 Wis., 582.

WILFRED CARRICO AND BURKHEAD & CLEMENTS, FOR APPELLEE.

Our contention in this case is:

1. That the petition though inaptly drawn, states a cause of action against all three of the defendants.

2. That the allegations, showing their concurring acts of negligence, make them jointly liable—joint tort feasors.

3. While they may each be severally liable as well as jointly liable, it is not a misjoinder to sue them jointly.

4. Whilst there are complaints of errors of the court in admitting and rejecting evidence we hold that the ruling of the trial court will be upheld by this court.

5. The complaint that the verdict of the jury is excessive, indicating a result of passion and prejudice in the jury, is

Cumberland Telephone & Telegraph Co. v. Ware's Admx.

without foundation and has no reason to support it; the evidence showing that the deceased was twenty-one years of age, in perfect health and earning $42.50 per month.

6. The instructions of the court fairly and fully presented the law to the jury, and we submit that a properly instructed jury has passed upon this question and has found decedent's death was the immediate and proximate result of the negligence of Rufus Lee, appellant's foreman, and the verdict should be affirmed.

### AUTHORITIES CITED.

Sutherland on Damages, vol. 1, pp. 62 and 214; Buckles v. Lambert, 4 Met., 430; Hill v. Harris, 4 Bush, 450; Swigert v. Graham, 7 B. M., 661; Ency. Pl. & Prac., vol. 15, p. 557; Pugh v. C. & O. Ry. Co., 19 R., 149; C. & O. Ry. Co. v. Dixon's Admr., 20 R., 793; C. & O. Ry. Co. v. Judd's Admr., 20 R., 1978; L. & N. R. R. Co. v. Kelly's Admr., 19 R., 69; Watson on Damages, secs. 41, 42, 326, 327, 360; L. & N. R. R. Co. v. Fox, 11 Bush, 516; L. & N. R. R. Co. v. Blair, 11 Bush, 579.

OPINION OF THE COURT BY JUDGE PAYNTER—AFFIRMING.

This action was instituted by the appellee against the city of Owensboro, Westinghouse, Church, Kerr & Co., and Cumberland Telephone & Telegraph Company, to recover damages for the death of her intestate, Thomas Ware. A recovery was sought against the defendants because of the alleged concurring negligent acts of each, which caused his death. The city of Owensboro had made a contract with Westinghouse, Church, Kerr & Co. to construct an electric light plant in the city. The work had progressed, poles had been erected, and wires were strung and charged with electricity. The Cumberland Telephone & Telegraph Company was engaged in stringing a wire along Ann street, in the city of Owensboro, from its exchange building to the messenger office, to do which it required a wire to be placed upon the cross-arms of its poles along Ann street, which wires were elevated above the electric light wires which crossed that street. There were two poles south of the electric light wires. The decedent ascended the first pole,

carrying up a wire to which was attached a rope. He
threw it over the cross-arm, and dropped an end of the rope
to the ground, whereupon Tom Potts, another employe, took
it and ascended the next pole, and did likewise; whereup-
on Lee, who was in charge of the force, took it up and
threw it over the electric light wires, and he then took
hold of the rope with the wire attached, and pulled it across
the electric light wires. While pulling it over the electric
light wires, it came in contact with them, thereby becom-
ing charged with electricity, and as a result Ware was in-
stantly killed. The testimony tends to show that the rope
attached to the wire was too short to enable them to carry
the wire from the pole up which Tom Potts had ascended
to the next pole to which it was to be attached, which had
been ascended by Jug Potts, another employe. The hand-
ling of the rope was done in such a way that the jury was
authorized to conclude that the wire was brought in con-
tact with the electric light wires as the result of Lee's neg-
ligence. The plaintiff sought to recover against the three
defendants upon the ground that the electric light wire
was not properly insulated, and the telephone company,
being aware of that fact, was guilty of negligence in allow-
ing its wire to come in contact with it. By an amended
petition the plaintiff pleaded in the alternative that, if the
electric light wire was properly insulated, then the tele-
phone company was guilty of negligence on account of the
manner in which it pulled its wire over and against the elec-
tric light wire, and thus caused Ware's death. The trial
resulted in a verdict for the city of Owensboro and West-
inghouse, Church, Kerr & Co., and a verdict against the ap-
pellant.

It is urged that the petition is not good, and that a cause
of action can not be maintained, because the defendants

were not joint tort feasors. If the city of Owensboro and Westinghouse, Church, Kerr & Co. strung an electric light wire and left it remaining without proper insulation, and the telephone company negligently brought its wire in contact with the electric light wire, their concurring negligent acts produced Ware's death; and under the doctrine of Pugh v. C. & O. R. R. Co. (101 Ky., 77, 19 R., 149), 39 S. W., 695, an action can be maintained against one or against all of the defendants. Where several persons jointly commit a tort, the injured party has his election to sue all or some of the parties jointly, or some of them separately. Buckles, etc., v. Lambert, 4 Metc., 330; Hill and Bergen v. Harris, 4 Bush, 450; Swigert, etc., v. Graham, 7 B. Mon., 661. If the city of Owensboro and Westinghouse, Church, Kerr & Co. strung an electric light wire which was not properly insulated, they were guilty of negligence, and their negligent act continued and was as effective in the production of the death of Ware at the time the telephone wire came in contact with it as it would have been had the telephone wire been strung at the same instant the electric light wire was, and the contact had then produced his death. If the electric light wire was not properly insulated, the city of Owensboro and Westinghouse, Church, Kerr & Co. were wrongdoers continuously until the act which resulted in the death of Ware. Their act in maintaining the wire necessarily concurred with the act of the telephone company in producing the death of Ware.

Again, it is urged that the petition is not good in stating a cause of action in the alternative, because appellant claims that it is not averred that the pulling and drawing of the telephone wire over the electric light wire was carelessly and negligently done. When the whole petition is taken together, we think these averments are sufficiently

made. Under the instructions no recovery could have been had except the jury believed that such pulling was carelessly and negligently done.

Before entering upon the consideration of the question as to whether the court erred in giving instructions to the jury, it may be said that, if it gave an instruction more favorable to the city of Owensboro and Westinghouse, Church, Kerr & Co. than they were entitled to receive as against the plaintiff, that fact could not be a prejudicial error for which appellant can complain. Although they were thereby permitted to escape a recovery against them, appellant's liability for its tort still remained.

The appellant complains of instruction No. 6, which reads as follows: "The court instructs the jury that, as a matter of law, the city of Owensboro had the right to construct and maintain an electric system for lighting its streets, but it was bound to use the highest degree of care, reasonably practicable, to have its wires perfectly insulated so as to be free from danger at all points where persons in the course of business or pleasure might come in contact with them; and if the jury believe from the evidence that its wires at the point of contact with the Cumberland Telephone & Telegraph Company were so insulated, and that the defendant Cumberland Telephone & Telegraph Company, by its servants and agents, negligently and carelessly, forcibly dragged its wires across the electric light wire, and so broke the insulation on the city's wire and thereby caused the death of plaintiff, the jury should, if they find for the plaintiff at all, find against the Cumberland Telephone & Telegraph Company only, and in favor of the other defendants."

It is criticised because it is claimed the petition did not charge that the servants and agents did negligently and carelessly drag its wire across the electric light wire.

Again, that the court did not properly define the degree of care which the electric light company and the city should .have exercised in stringing and maintaining its wires upon the streets of Owensboro. The first criticism has been hereinbefore disposed of, and the second has been substantially so. Any error which the court may have committed in defining the degree of care which should have been exercised in stringing and maintaining electric light wires can not be complained of by the appellant, for the reasons hereinbefore given. Besides, if they were properly insulated, under this instruction there could have been no recovery against the appellant, unless the jury believe that the death resulted by the negligence of the appellant's agents and servants in drawing its line over the electric light wires.

Appellant complains of instruction No. 13, which reads as follows: "Though the jury believe from the evidence that the electric light wires were not perfectly insulated, if they further believe from the evidence that the agents and servants of the Cumberland Telephone & Telegraph Company handling the wire by which plaintiff was killed (if he was so killed), including deceased, knew or had 'notice of the danger of bringing their wire in contact with the city's wires, and they might by reasonable care have avoided such contact, and they negligently brought its wire into such contact, and but for such negligence the plaintiff would not have been killed—if the jury find for the plaintiff, they should find against said Telephone & Telegraph Company alone, and in favor of the other defendants." The appellant erroneously assumes that the court in this instruction told the jury to find against it although Ware knew of the defect in the electric light wire, and with such knowledge, by his own negligence, brought the telephone wire in contact with the defective electric light wire. The court in

this instruction does not tell the jury to find for the plaintiff, but in effect told it that, if it found for the plaintiff, it could only find against the appellant. This instruction was given upon the idea that there could be no recovery against the city of Owensboro and Westinghouse, Church, Kerr & Co., if the agents of the appellant handling the wire by which plaintiff's intestate was killed knew or had notice of the danger of bringing the wire in contact with the electric light wire, and might by the exercise of reasonable care have avoided it. Of course, if Ware knew that the electric light wire was not properly insulated, and he could have avoided by the exercise of proper care the bringing of the telephone wire in contact with the electric light wire, and negligently did so, and but for which the accident would not have happened, the plaintiff could not have recovered. However, plaintiff would have been entitled to a recovery against appellant had Lee, who was in charge of the force, known of the condition of the electric light wire and carelessly and negligently brought the telephone wire in contact with it, thus producing Ware's death. Again, it is urged that the instruction given by the court authorized the jury to find against the appellant although the negligent act which resulted in the death of the plaintiff was that of a fellow servant. By instruction No. 1 the jury could not have found against appellant unless it believed Ware's death was produced by the negligent act of a person in charge of the work, etc. In instruction No. 2, the jury was expressly told that the company was not liable for the negligent act of a fellow servant. By the third instruction the court submitted to the jury the question as to whether or not Rufus Lee was Ware's superior in authority and had the right to direct him. In view of these instructions, instruction No. 4, of which complaint is made,

could not have been misleading, although the word "occasional" should not have been used in the instruction. It reads as follows: "The court further instructs the jury that the rule of law is that, when one engages in the service of another, he undertakes, as between himself and his employer, to run all the ordinary risks incident to such service, and that includes the occasional carelessness, negligence, and unskillfulness of his fellow servants engaged in the same line of duty; and if the jury believe from the evidence that the plaintiff while in the employment of the defendant Cumberland Telephone & Telegraph Company, when he was killed was in the discharge of his duty as such employe, and if the jury further believe from the evidence that his death was occasioned either by his own negligence or want of skill or that of a fellow servant engaged in the same line of duty or service as explained in these instructions, and without which he would not have been killed, they should find for the defendants." Besides, under this instruction, the jury is expressly told that the plaintiff could not recover if the death was occasioned by "fellow servants engaged in the same line of duty or service as explained in these instructions."

Counsel for the appellant contended that the appellant's negligence was not a proximate cause of Ware's death. Except for the act of Rufus Lee in bringing the telephone wire in contact with the electric light wire, Ware would not have been injured by the current of electricity which it carried. It was the current of electricity which produced the death. The efficient cause of the death was put in operation by the negligent act of Lee in bringing the telephone wire in contact with the electric light wire, and necessarily that act was a proximate cause of the death.

Appellant filed its affidavit stating its defense was in con-

flict with and unfriendly to that of its two codefendants. Thereupon it demanded the panel of the jury, and asked the privilege of striking three names therefrom as peremptory challenges. The question of peremptory challenges is controlled by our statute. In section 2258, Ky. St., 1899, it is provided that: "Each party litigant in civil actions shall have the right of peremptory challenges to three jurors, and the right to challenge as now allowed by law." Section 2267, Ky. St., 1899, provides that: "In all civil cases of jury trial the clerk shall draw from the box the names of eighteen of the jury, and write them, as drawn, on two slips of paper, and deliver one to each party, from which plaintiff and defendant may each strike three and return the list to the clerk, who shall call the first twelve names not erased and swear them as a jury to try the case. . . ." It will be observed that the statute only contemplated that the names of 18 of the jury shall be drawn from the box. It evidently does not contemplate that, where there are a plurality of plaintiffs and of defendants, a greater number than eighteen names shall at first be drawn from the box. In Sodousky, etc., v. McGee, 4 J. J. Marsh., 267, it was held that, if there be a plurality of plaintiffs, they are only one party litigant, and can challenge no more than three jurors. The same is true of defendants. The words "party litigant" appeared in the statute then under consideration as in the present statute. In construing them, the court said: "The parties litigant mean the antagonistic sides of the controversy. If there be a plurality of plaintiffs, they are all only one party litigant. So a plurality of defendants constitute one, and but one, party to the suit."

The judgment is affirmed.

Petition for rehearing by appellant overruled.