## Snyder, Executor, et al. v. General Conference Board of Education of the Methodist Episcopal Church South, et al.

(Decided December 2, 1924.)

### Appeal from Oldham Circuit Court.

1. **Wills—Transfer of Personal Property, to Take Effect After Death of Donor, Not Effective, Unless Authenticated as Will.**—Transfer of personal property, possession and control of which is retained by donor, and which is not to take effect until after his death, is not effective, unless authenticated as will.

2. **Wills—Conveyance Reserving Life Estate in Grantor is Deed, and Not Will.**—Conveyance of land may be made to reserve life estate in grantor, and such conveyance is "deed," and not will.

3. **Wills—Validity of Deed, to Take Effect at Grantor's death, Not Affected by Arrangement for Annuity to which Grantees Agreed.—**

Validity of deed, to take effect at grantor's death, was not affected by subsequent agreement of grantees to pay annuity to certain person, evidenced by note indorsed on margin of deed.

4. Trusts—Trustee to Administer Trust for Benefit of Others Not "Beneficiary," so as to Render Trust Void.—Board of education of church conference to which land was deeded in trust to maintain school for indigent children, was not "beneficiary" thereof, so as to render trust void.

5. Appeal and Error—Instruction as to When Grantor, Executing Deed is of Sound Mind Not Error, in Absence of Evidence.—Instruction that, in executing deed testamentary in character, grantor was of sound mind, if he knew natural objects of bounty, obligation to them, character and value of his estate, and had mental capacity to dispose of it according to fixed purpose of his own, could not be held erroneous, when evidence was not brought up.

6. Trial—In Action to Cancel Deed Testamentary in Character, Verdict Merely Advisory.—Action to cancel deed testamentary in Character, on ground of mental incapacity of grantor, was equitable action to be tried by court, in which verdict of jury was merely advisory.

MORTON K. YONTS for appellants.

ROBT. T. CROWE, WILLIAM J. CROWE and J. BALLARD CLARK for appellees.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

R. M. (Capt.) McClelland, an elderly bachelor, owned and lived on a farm of 486 acres in Oldham county, Ky., known as "Wildwood" farm, his only near relative being the children of a deceased brother, James, all of whom resided out of Kentucky.

On September 16, 1916, he deeded that farm to the appellee for the purpose of establishing an industrial school for poor children, reserving a life estate in himself. After setting out the names and addresses of the parties, the deed recites:

"WITNESSETH: That for and in consideration of the sum of one dollar cash in hand paid, the receipt of which is hereby acknowledged, and the further consideration that the land hereinafter described, shall be held in trust by the said board for the Methodist Episcopal Church South, for the sole purpose of establishing and maintaining thereon forever an industrial school for the education of in-

digent children and others as the board may deem proper, the manner in which said school shall be organized, managed and controlled is fully set out in a letter to said board, which together with their acceptance of the lands shall be made a matter of record with this deed and taken as a part hereof. As further consideration of my faithful friend, Miss Frankie Jones, is to have the privilege of making her home on the said lands during her life if she so desires and receive her support from the proceeds thereof. If she do not desire to stay on the land then she shall be paid an annuity of three hundred dollars per year to be paid quarterly out of the proceeds of said land. . . . "

The letter referred to is in these words:

"Wildwood Farm, Ky.,

September 16, 1916.

"Deed of conveyance by R. M. McClelland
to the General Conference Board of
Education of the Methodist Episcopal
Church South, Nashville, Tenn.

"I am this day conveying to you and to your successors, as trustees of the Methodist Episcopal Church South, the title to 'Wildwood Farm,' which includes all the realty owned by me in Oldham county, Ky., to be held in trust for the purpose of establishing and maintaining thereon an industrial school. In accepting and administering this trust, it is my wish and desire that the following conditions and directions be observed by you:

"1. That during my lifetime said farm shall remain in my control, all proceeds therefrom shall be mine, and all the expenses and taxes and the upkeep of the farm shall be borne by me.

"2. That said school shall begin operation as soon after my death as funds necessary for its organization may be secured, either from the income of the farm itself or from other sources.

"3. With no intention of restricting the board in making said farm and school of the largest possible service to humanity, I wish it clearly understood that it is my purpose in conveying said farm that upon it and from its income and in said school

that an opportunity be given to indigent children to secure instruction in books and in the science and art of agriculture and in other practical sciences and arts, and that such children be taught farm and household work and other forms of useful employment under the direction of the instructors and officials of school and farm.

"4. Desiring that no politics shall at any time enter into the management of the school, I direct that under no condition shall the management or control of said school or farm ever be placed in the hands of any of the county officers of Oldham county, Ky.

"5. That said school shall never require any religious test or affiliations as a condition of admission of any student to its benefits and privileges.

"6. That all net income from said farm shall always be expended in the maintenance of said school and farm.

"I beg to remain,
Very respectfully yours,
"R. M. McCLELLAND."

Both instruments were duly executed and acknowledged by Capt. McClelland and recorded in the Oldham county clerk's office. They were also accepted by appellee in a writing duly executed and acknowledged by its authorized agent, and this acceptance was also recorded in the Oldham county clerk's office.

Frankie Jones mentioned in the deed was his housekeeper, to whom he seems to have been much attached.

After the execution of this instrument Capt. McClelland lived about three years, during which time he maintained a regular and harmonious correspondence with appellee, and on December 11, 1918, executed a will in which he further recognized the above conveyance.

The real name of his housekeeper was Miss Laura Lee Smith, although she was referred to in the deed and will as Miss Frankie Jones. Shortly after the execution of the will he was married to this lady, but prior thereto an antenuptial contract was executed by which she ratified and approved the execution of the deed in question.

Capt. McClelland died July 9, 1919. His will was duly probated, and thereafter R. H. Snyder, as executor, Mrs. Laura Lee McClelland, his widow, and the three children of James McClelland, filed suit in equity to have

the above deed cancelled and set aside, on the ground of mental incapacity of the grantor.

On motion of plaintiff that question was submitted to a jury on an issue out of chancery, and the jury by its verdict found "that the grantor was of sound mind." Motion for judgment *non obstante veridicto* was made and overruled, and thereafter plaintiff filed an amended petition, alleging that the instrument of conveyance was a will and not a deed. In support of this proposition the correspondence between Capt. McClelland and appellees was introduced, and on final hearing the court adjudged "that at the time of the execution of the deed R. M. McClelland had sufficient mind and memory to make said deed," and dismissed the petition, and this appeal results.

It is first urged that as the deed was to take effect and possession and control of the farm was to be turned over to the board after the death of R. M. McClelland, that instrument was testamentary in its effect, and not being properly executed as a will, was therefore ineffective.

In a number of cases we have held that a transfer of personal property, possession and control of which is retained by the donor, and which is not to take effect until after his death, is to be regarded as a will, and is not effective unless authenticated as such. Simons v. Wildt, 84 Ky. 158; Rudd v. Rudd, 184 Ky. 400, 214 S. W. 791; Morrison v. Bartlett, 148 Ky. 384.

On the other hand, it is equally well settled that a conveyance may be made of land, reserving to the grantor a life estate therein. While testamentary in character such an instrument is held to be a deed of conveyance and not a will. Woods v. Moss, 176 Ky. 419; Best v. House, 113 S. W. 849.

But it is said the instrument was revocable by the parties, and so recognized by them in their subsequent correspondence. This is not borne out by the record. It is true that after the execution and delivery of the deed, Capt. McClelland reached the conclusion that the provision for Miss Frankie Jones was indefinite, and at his suggestion an arrangement was subsequently made between the parties for the payment to her of an additional annuity, in the event she elected to live on the farm. This was done by a footnote endorsed on the margin of the deed and to which both agreed, but no change was made

or sought to be made in the conveyance, the validity of which was not affected by this arrangement, and so far as the record shows, both parties recognized the binding force thereof.

The above matter was speedily arranged, but the correspondence continued and the numerous letters of Capt. McClelland written thereafter, show a clearness of vision and a grasp of the matters in hand, that stamp him as a man of intelligence and of strong personality, and demonstrate beyond cavil that it was his fixed intention to invest his property in this way.

It is claimed that the board of education is the beneficiary of the trust fund and also the trustee, and therefore the trust is void. The trouble with this proposition is that it is based on a misconception of the facts. The board of education is made a trustee for the purpose of administering the trust, but it is by no means the beneficiary. On the contrary, it is proposing to expend large sums in the development of the trust estate, not for its own benefit, but for the benefit of that class of the public who are made participants in the grantor's bounty.

It is earnestly insisted that the court erred in the instructions which read:

"1. The jury will say in its verdict from the evidence whether or not R. M. McClelland, at the time he executed to the board of education of the Methodist Episcopal Church South the deed to his land in Oldham county, Ky., was of sound mind.

"2. A person is of sound mind in making a deed, if at the time of its execution, he has such mental capacity as to enable him to know the natural objects of his bounty, his obligation to them, the character and value of his estate, and to dispose of it according to a fixed purpose of his own.

"3. Every person is presumed to be of sound mind until the contrary is shown by the evidence."

And that the following instruction offered by them should have been given:

"On Sept. 16, 1916, did R. M. McClelland have sufficient mind and mental capacity to understand his property rights, and the character, object and nature of the deed conveying his farm to the Gen-

eral Conference Board of Education of the Methodist Episcopal Church South, and to transfer the same according to a definite desire of his own?"

It is true that it requires a higher degree of understanding and ability to be able to make a contract where the parties deal at arm's length than it does to execute a will; and in the former class of cases the instruction offered by appellant is technically correct and those given would therefore be incorrect; but, as stated above, the deed in this instance is testamentary in character, and it has been held that for the execution of such an instrument, "it did not require any more reason, judgment and exercise of the mental powers than if he had at that time executed a will instead of a conveyance." Best v. House, *supra*.

On the same point it was said in Woods v. Moss, *supra*, "While this did not destroy the effect of the conveyance as a deed, it did have the effect to make it testamentary in character and therefore did not require the same mental capacity to execute it as is required in one made between parties dealing at arm's length for an agreed consideration."

Aside from this, the evidence heard before the jury is not made a part of the record and the only reference thereto in the bill of exceptions is "that plaintiff introduced evidence tending to show lack of mental capacity on the part of R. M. McClelland to execute the deed in question," and "that defendants introduced evidence tending to show that he did have such capacity," but none of the evidence is set out, and for this and the other reasons above set out we are unable to say that the instructions are erroneous. Helm v. Hoke Co., 173 Ky. 525. Besides, this is an equitable action to be tried by the court, in which the verdict of the jury was merely advisory, and in the absence of the evidence we are unable to say that the court erred in his conclusions, even if the rule of law relating to contractual capacity was applicable. Moraweck v. Martineck, Gdn., 128 Ky. 155; Carder, &c. v. Weisenberg, 95 Ky. 135; Sherman v. Crabtree, 122 Ky. 195.

In view of the conclusions reached, a determination of the other questions becomes unnecessary.

Wherefore, judgment is affirmed.