Claude **WILLIAMS** et al., Appellants,

v.

Arthur **WHITAKER,** Appellee.

Court of Appeals of Kentucky.

June 1, 1956.

Arnett Mann, Salyersville, W. A. Johnson, Paintsville, for appellants.

Earl R. Cooper, Salyersville, for appellee.

CAMMACK, Judge.

This is an appeal from a judgment awarding $15,000 damages to Arthur Whitaker, the appellee, for injuries suffered in a collision between his car and one owned by the appellant, Claude Williams. The parties disagree as to whether the Williams car was driven by the owner at the time of the collision, or by the other occupant, the appellant, Claxton Flint.

In the action brought by Whitaker seeking recovery from Williams or Flint, or both, Williams counterclaimed for damages to his car. Flint counterclaimed for damages for his personal injuries and filed a cross-claim against his codefendant, Williams. The case was tried before a jury. No request for a jury trial had been made, but no objection was entered. Flint asked the trial court to grant him three peremptory challenges in the selection of the jury because he had cross-claimed against his codefendant, Williams. This motion was overruled and the appellants were required to share their three peremptory challenges. Whitaker was also allowed three, making a total of six.

On this appeal, Williams and Flint urge a reversal of the judgment on several grounds, only two of which need be considered, for reasons hereinafter discussed. They contend first that the trial court erred in trying the case before a

jury when no demand for a jury trial had been made. None of the parties objected to a jury trial. CR 38.04 expressly provides for waiver of the right to a jury trial when the right is not demanded properly. However, the appellants' contention overlooks CR 39.03, which provides that trial by jury may be had with the consent of all the parties. Literally, the Rule applies to "all actions not triable of right by a jury." This language was intended to include actions initially triable as a matter of right before a jury, where the right has been waived. See Moore's Federal Practice, 2nd Ed., section 39.11, note 5. Hence, in such an action, if the court empanels a jury and proceeds to try the case in that manner, and no objection is made by either party, they are deemed to have consented to that method of trial, and under CR 39.03 the verdict has the same effect as if trial by jury had been a matter of right.

This interpretation of Rule 39.03 precludes a party from raising his objection for the first time after a jury has returned a verdict unfavorable to him, a result which is in keeping with the mandate of CR 1, which requires that the Rules be construed so as to "secure the just, speedy, and inexpensive determination of every action."

■ The appellant, Claxton Flint, next contends that the trial court erred in denying his motion for three peremptory challenges in the selection of the jury. KRS 29.290 provides that:

"Each party litigant in civil actions shall have the right of peremptory challenge to three jurors, in addition to the right to challenge for cause."

KRS 29.270 provides that in selecting the jury, eighteen names be drawn to form a list against which peremptory challenges can be exercised.

Frequently, this Court has interpreted KRS 29.290 to mean that each antagonistic side of a controversy is entitled to three peremptory challenges. Pendly v. Illinois Central R. Co., 92 S.W. 1, 28 Ky.Law Rep. 1324; Cumberland Telephone & Tel-

egraph Co. v. Ware's Adm'x, 115 Ky. 581, 74 S.W. 289. See also Sodousky v. McGee, 4 J.J.Marsh 267, 27 Ky. 267. Each of those cases involved multiple defendants who demanded that each defendant be given three peremptory challenges. In the Cumberland and Sodousky cases, the motion was overruled by the trial court. In the Pendley case, the trial court sustained the motion and allowed three peremptory challenges to each of two defendants. On appeal, this Court held that reversible error was committed and relied upon the test established in the Sodousky and Cumberland decisions.

The instant case differs materially from those cases. Here, a defendant crossclaimed against his codefendant. The situation is similar to that in the case of Vaughan's Adm'r v. Louisville & N. R. Co., 297 Ky. 309, 179 S.W.2d 441, 152 A.L.R. 1060. There a defendant filed a crosspetition against his codefendants, whereupon the latter moved the court to empanel a jury of 21 so that each set of defendants might have three peremptory challenges. This motion was made on the grounds that the interests of the moving parties were antagonistic to the interests of the codefendant, and that their defenses were wholly inconsistent with those of the codefendant. The trial court sustained the motion. We think the procedure used in the Vaughan case should have been used here. Flint had filed a cross-claim against his codefendant, based upon the latter's negligence. Their interests were antagonistic to each other and therefore Flint was entitled to three peremptory challenges of his own.

Our new Rules of Civil Procedure make it possible to decide, in a single action, all related issues existing between the parties to the action. These provisions were not intended to force upon a party a forfeiture of his right to three peremptory challenges in a jury case. Therefore, the number of names drawn for the jury list under KRS 29.270 should equal 12, plus three for each antagonistic party to the action.

It is unnecessary to discuss the other issues raised on this appeal, especially since the other alleged errors were of minor significance.

The judgment is reversed, with directions to set it aside, and for proceedings consistent with this opinion.