**Betty Brewster BARRIER, Appellant,**

v.

**Phillip BREWSTER, Appellee.**

Court of Appeals of Kentucky.

Sept. 29, 1961.

824 ■ ■

H. K. Spear, Somerset, for appellant.

R. B. Bertram, E. G. Bertram, Jr., Monticello, for appellee.

CULLEN, Commissioner.

This appeal involves a controversy between divorced parents concerning the custody of their daughter, now six years of age. The mother appeals from an order directing that the father have custody during the school year of nine months and the mother during the summer vacation period of three months, each parent to have reasonable visitation privileges during the other's period of custody.

In the divorce judgment, granted in 1959, it was provided that the custody should be divided on the basis of 6-month periods. On subsequent motion, in 1960, the judgment was modified so as to give the mother custody during the school months and the father during the summer months, with provision that if the mother should move from the county these periods should be reversed. The order here appealed from was entered in 1961, after the mother had filed a motion asking for sole custody.

Both parents have taken new spouses. The mother's motion for sole custody was based on the theory that having remarried since the time of the previous order she was now in a position to provide a suitable year around home for her child, and being the mother she should be given preference as to custody.

■ There was evidence tending to indicate that some aspects of the character and habits of the mother's new husband were such as to warrant giving him something below a top rating as a potential stepfather. Furthermore, while the mother and her new husband had been married for several months at the time of the hearing they had not yet established a joint home at the husband's apartment in Cincinnati; for she was working at a factory in Wayne County, Kentucky, and living with her father, while her husband was working and living in Cincinnati. The awarding of the major period of custody to the father would not deprive the little girl of a woman's care, because the evidence shows that the father's present wife is willing and suitable to serve in a maternal capacity.

We are of the opinion that the decision of the circuit judge was justifiable under the evidence.

■ The appellant maintains that the judge erred in impaneling an advisory jury and in accepting its recommendation concerning the award of custody. However, it does not appear that the judge completely abrogated his duty. On the contrary, the wording of the judgment shows that the ultimate decision was that of the judge himself and it states the factors upon which he based his decision. CR 39.03 authorizes the court to "try any issue" with an advisory

jury in actions not triable of right by a jury, and we think this includes child custody cases. However, we believe that the Rule, in referring to trial of any "issue," means issues of *fact,* and it does not contemplate that the judge shall delegate his discretion or his equitable functions. There was no improper delegation here and we find no error in the use of the advisory jury in this case.

The appellant contends that the court erred in directing that the costs be split between the parties. We think this was a proper exercise of the discretion of the court. See Wilkerson v. Wilkerson, Ky., 335 S.W.2d 552.

The judgment is affirmed.