Ethel Haggard AVERITT et al., Appellants,

v.

Cecil C. BELLAMY et al., Appellees.

Court of Appeals of Kentucky.

Sept. 23, 1966.

CLAY, Commissioner.

This is a suit to set aside a deed to real estate and a written instrument transferring personal property, on the grounds of mental incompetency, fraud, undue influence, lack of consideration and nonacceptance. The case was tried before a jury and at the conclusion of all the evidence, on motions for directed verdicts by the adversary parties, the trial court dismissed the plaintiffs' complaint. They appeal.

The principal plaintiffs are two children of a deceased woman who conveyed her property to the defendants (unrelated) in consideration of the latter's agreement to care for her as long as she should live. At the time these instruments were executed, on May 8, 1963, the mother was 75 years of age. On May 20 the defendants moved into her home and began performance of their agreement. On June 3 the mother was stricken, and on June 14 she died. The principal ground of attack upon these instruments is the alleged mental incompetency of the decedent.

Because it involves an important procedural aspect of the case, we will first consider plaintiffs' contention that the Chancellor erred in directing a verdict for defendants, which technically he did not exactly do. Defendants demanded a jury in their Answer and the case was assigned for trial in that manner and was so tried. At the conclusion of the evidence the trial court (without specifically sustaining a motion for a directed verdict or directing a verdict) took the case from the jury. The procedure was rather unique in several respects.

A suit to set aside the transfer of real or personal property is peculiarly one of equitable cognizance. Regardless of demand, no party has a right to a jury trial (CR 38.01). Ford v. Ellis, Ky., 56 S.W. 512; Sellers v. Sellers, 162 Ky. 9, 171 S.W. 449; Louisville & N. R. Co. v. Tuttle, 180 Ky. 558, 203 S.W. 308; Snyder v. General Conference Board of Education, Etc., 205

R. Russell Grant, Rodney J. Thompson, Winchester, for appellants.

Alton S. Payne, Winchester, for appellees.

Ky. 812, 266 S.W. 661; Owings v. Webb's Ex'r, 304 Ky. 748, 202 S.W.2d 410; Alt v. Burt, Ky., 242 S.W.2d 974; Sanders v. Needy, Ky., 363 S.W.2d 114.

Under CR 39.03 the Chancellor may (upon motion or upon his own initiative) try any fact issue with an *advisory* jury. The jury trial of a legal issue is another matter. See Brock v. Farmer, Ky., 291 S.W.2d 531, and Barrier v. Brewster, Ky., 349 S.W.2d 823.

The use of an advisory jury in an equitable proceeding is entirely discretionary with the court and the Chancellor is not bound by its conclusions. See cases heretofore cited, and particularly Sanders v. Needy, Ky., 363 S.W.2d 114.

Under CR 39.03 it is provided that, *with the consent of all parties*, the court may order a trial by a jury whose verdict shall have the same effect as if the parties had a right to a jury trial. It has been held that *in an action initially triable as a matter of right before a jury*, where the parties waive such right and the case is nevertheless tried by a jury without objection, the parties will be deemed to have consented to that method of trial and are bound by the verdict. Williams v. Whitaker, Ky., 293 S.W.2d 627, 64 A.L.R.2d 504.

We do not believe this *implied* consent should be invoked in a proceeding of peculiarly equitable cognizance, and it must be assumed in this case that the issues of fact were submitted to the jury only in its advisory capacity. Consequently, the action of the Chancellor in taking the case from the jury at the conclusion of all the evidence could not, in itself, have been reversible error. This answers the argument of plaintiffs that the trial court committed error in directing a verdict for the defendants. The action taken by the Chancellor in reality constituted a ruling that the plaintiffs had failed to prove their case and even a favorable finding for them by the advisory jury would not be acceptable.

Plaintiffs contend that such a ruling was erroneous because a confidential relationship existed between the decedent and defendants, thereby casting on the latter the burden of proof. The burden of proof did not shift to the defendants because it is clear that the requisite confidential relationship did not exist at the time the transfers were made.

The next contention is that the Chancellor erred in refusing to permit five lay witnesses for the plaintiffs to express their opinions with respect to the competency of the decedent. Actually all of these witnesses testified at length to facts which indicated her lack of mental capacity. Objections were sustained to such questions as whether in the opinion of the witnesses the decedent was "mentally competent", or "would know the legal consequences of business transactions", or her "mind was not right". Under the cases of Jefferson Standard Life Ins. Co. v. Cheek's Adm'r, 258 Ky. 621, 80 S.W.2d 518; Hutchins v. Foley, 271 Ky. 104, 111 S.W.2d 586, and Emerine v. Ford, Ky., 254 S.W.2d 938, it would appear the trial court erroneously sustained objections to these questions calling for the ultimate conclusions of the witnesses. This error, if any, could not have been prejudicial in the instant case because their opinions were *implicit* in their testimony concerning the conduct of the decedent. To have stated these opinions in the precise words above quoted would have added nothing of substance to their testimony. We do not find this reversible error.

The final contention is that defendants did not accept the deed to the home place and consequently the conveyance was ineffective. The consideration was the defendants' agreement to take care of the decedent as long as she lived. The deed was executed on May 8, and was manually delivered to defendants on that date. Three or four days later they took the deed to an attorney to have the title checked. On

May 16 they requested a doctor to examine the decedent for mental competence. On May 20 they moved into the home and began to care for the decedent. On June 3 decedent had a cerebral hemorrhage. On that day defendants recorded the deed.

It is plaintiffs' contention that under these facts there never was a time when it could be said the delivery and acceptance of this deed was consummated. It seems to us that the manual delivery of the deed on May 8 consummated the transaction. Certainly the decedent parted with her title and at least the defendants conditionally accepted the conveyance on that day.

We cannot see how the subsequent precautionary acts of the grantees can be held to have evidenced nonacceptance. They were simply making sure this was a valid conveyance. If their acceptance may be said to have been conditional, it became final when the conditions were satisfied. In any event, acceptance was complete when they started performance of their obligations or when they recorded the deed.

The judgment is affirmed.