Clifford EMERSON and Annie Emerson, His Wife, Appellants,

v.

Darrell EMERSON and Bernette Emerson, His Wife, Appellees.

Court of Appeals of Kentucky.

May 16, 1986.

James G. Weddle, Liberty, Richard Clay, Clay & Clay, Danville, for appellants.

John W. Murphy, Jr., Liberty, for appellees.

Before LESTER, McDONALD and REYNOLDS, JJ.

LESTER, Judge.

This is an appeal from a judgment entered upon a jury verdict awarding appellees $7,732.08 in an action based upon the theory of unjust enrichment.

Darrell is the son of Clifford and Annie Emerson and Bernette, Darrell's wife, is their daughter-in-law. Based upon an alleged promise by appellants to convey 1.3 acres out of a total of 197 to appellees, the young Emersons started to construct a house on Clifford's and Annie's farm. Only a basement (with some type of first floor or roof) was completed wherein Darrell and his wife resided. Upon refusal to execute a deed, appellees brought this action seeking an order mandating conveyance or for damage in the amount of $12,000 for their labor and materials.

Subsequent to the filing of the complaint, answer was filed wherein a trial by jury was demanded and the court empaneled twelve members. As far as the record reflects, there was no objection to the case being tried by a jury, either as a matter of right or in an advisory capacity, and a verdict was returned in the amount aforesaid, following a determination that Clifford and Annie had made a promise to deed the property.

The only evidence to sustain the award emanated from Darrell and his wife and addressed the cost of materials and an estimate of their labor. At the close of the case for plaintiffs-below, appellants argued that in an unjust enrichment action the proper measure of damages was the enhancement of the value of the land upon which the structure had been situated. The instructions contained nothing as to *measure* of damages.

More than a week after the jury was discharged and the trial order and judgment entered appellants filed several motions among which was one requesting the court to make specific findings of fact and conclusions of law pursuant to CR 52.01

upon the basis that the jury was advisory only. In addition, the motion also pointed up the failure of the court to instruct on the correct measure of damages. The court overruled the motions stating that the "case was tried by a jury at the request of defendants made in their Answer and Counterclaim and such jury was not used in an advisory capacity." We think it significant to point out that there is absolutely no objection to the capacity or type of jury from the appellants until after it had returned its verdict. Moreover, there is no transcript of any discussion between counsel and the court about instructions, but we are aware that appellants offered some handwritten instructions which were refused.

There can be no argument with the position that an action based upon unjust enrichment is equitable in nature. *Western Casualty & Surety Co. v. Meyer*, 301 Ky. 487, 192 S.W.2d 388, 390 (1946). In the case at bench, the litigation, by the terms of the court's own order, was equitable, the defendants made a jury demand, no objection was made to the character of the jury, a verdict was returned, a CR 52.01 motion made and the court denied same pointing out that it considered the jury other than advisory. Under these circumstances, we must determine if the chancellor erred.

■ CR 39.03, as was in effect in 1956, provided that in an equitable action the court, *with the consent of the parties*, could try the case by a jury whose verdict would have the same effect as if the litigants had a *right* to a jury trial. Absent any objection this consent could be implied so as to prohibit a party from objecting after the return of an unfavorable verdict. *Williams v. Whitaker*, Ky., 293 S.W.2d 627 (1956). Regardless of the laudatory reasoning of *Williams*, and after the passage of a decade, it was determined that such consent could not be implied in a "proceeding of peculiarly equitable cognizance," *Averitt v. Bellamy*, Ky., 406 S.W.2d 410 (1966). This rule prevails today because under our present version of the rule, the consent must be noted of record, or, in other words, *expressed* consent is required. 7 Bertelsman & Phillips, *Kentucky Practice*, CR 39.03, Comment 2 (4th ed. 1984). Therefore, where the issue is equitable, as it was herein by virtue of the court's order and judgment, then, absent expressed consent, the jury is advisory only, regardless of what the court may characterize it. *Id.* at Comment 5. It requires no citation of authority to point out that a court is not bound by an advisory jury verdict but there is not one rule or case that says that it cannot accept such a verdict and treat it as its own and we so hold. However, whether the court rejects or accepts the findings of the advisory panel, it still in all must make findings of fact and conclusions of law pursuant to CR 52.01. *Id.* at Comment 4. In the case at bar, if the court agreed with the panel, it should have sustained the CR 52.01 and made its findings and conclusions in conformity with the verdict.

■ Appellants must also prevail in their position on the proper measure of damages. In *Vogel v. Massey*, 256 Ky. 419, 76 S.W.2d 257 (1934), this jurisdiction cited with approval the Wisconsin and Tennessee rules in cases of this nature, the latter of which was to the effect:

> It is settled, in this State, that where a man is put in possession of land by the owner, upon an invalid or verbal sale, which the owner fails or refuses to complete, and in the expectation of the performance of the contract, makes improvements, a Court of Equity will directly and actively, upon a bill filed by him against the owner for an account, make him compensation to the full value of all his improvements, to the extent they have enhanced the value of the land, deducting rents and profits, and will treat the land as subject to a lien therefor. *Rhea v. Allison*, 3 Head 176.

The rule was not new in our jurisprudence at the time *Vogel* was written for it can be found as early as 1891 in *Usher's Ex'r. v. Flood*, Ky., 17 S.W. 132 (1891) and more recently in *Shepherd v. Halsall*, 288 Ky. 210, 155 S.W.2d 853 (1941). It remains unmodified and unreversed to the present. Moreover, it is supported by the texts for

as Professor Dobbs points out in his *Law of Remedies* § 4.5 at 261 (1973):

> If the plaintiff built the house on the defendant's land and because he had an oral contract to buy the land that was later repudiated by the defendant, still a different measure of benefit may be best, for example, the increased value of the defendant's land by reason of the building.

In the event of a new trial, the foregoing would be the proper measure of damages.

The judgment is reversed and the cause remanded for a new trial consistent with the views expressed herein.

All concur.