RENDERED: MARCH 26, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0433-MR

STEPHEN A. CALLAHAN                                              APPELLANT


APPEAL FROM WEBSTER CIRCUIT COURT
v.        HONORABLE C. RENÉ WILLIAMS, JUDGE
ACTION NO. 18-CI-00035


EWM SERVICES LLC                                                  APPELLEE

AND          NO. 2020-CA-0443-MR

EWM SERVICES LLC                                                 APPELLANT


CROSS-APPEAL FROM WEBSTER CIRCUIT COURT
v.        HONORABLE C. RENÉ WILLIAMS, JUDGE
ACTION NO. 18-CI-00035


STEPHEN A. CALLAHAN AND
SR PAYNE, D/B/A PAYNE & SON
SERVICES                                                         APPELLEES


OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE: GOODWINE, TAYLOR, AND K. THOMPSON, JUDGES.

GOODWINE, JUDGE: Stephen A. Callahan ("Callahan") appeals a judgment of the Webster Circuit Court finding EWM Services LLC ("EWM") was entitled to damages under the theory of unjust enrichment. EWM cross-appeals arguing it was entitled to prejudgment interest. Finding error, we reverse and remand.

## BACKGROUND

In 2017, Callahan hired SR Payne d/b/a Payne & Son Services ("Payne") to provide water hauling services from an oil well operated by Callahan. Although Callahan previously hired EWM in 2015 to provide water hauling services, he did not contact EWM in 2017 to provide any services.

In October 2017, Payne contacted EWM requesting it perform water hauling services from the Callahan well. Callahan asserted he did not direct or authorize Payne to hire EWM to provide those services and maintained Payne lacked authority to hire EWM on Callahan's behalf.

Upon receiving invoices from EWM totaling $8,945 for hauling water from the Callahan well, Callahan notified EWM verbally and in writing that he had not hired EWM to provide the services. Callahan further advised EWM that he agreed to pay Payne $245 per 110-barrel load and tendered a check to EWM for $4,410 for the 1,970 barrels of water hauled from the Callahan well by EWM. The memo line advised the check was payment in full for the services provided.

Steven Gough ("Gough"), owner of EWM, asserted that in 2015, he hauled water for Callahan at his standard rate of $90 per hour, which Callahan paid. Gough further testified he charged the same rate for the services provided in 2017 for a total of $8,945. When Callahan tendered a check for only $4,410 with language in the memo section stating "payment in full," Gough refused to cash the check and retained counsel.

On March 15, 2018, EWM filed a complaint in the Webster Circuit Court against Callahan and Payne alleging EWM was owed $8,945 for water hauling services upon a business property owned by Callahan. On December 26, 2019, approximately one month before trial, EWM moved to amend its complaint to include a claim for unjust enrichment under the doctrine of *quantum meruit*. On January 2, 2020, three weeks before the trial, the circuit court heard the matter. Callahan objected to the filing of the amended complaint, arguing it was untimely and prejudicial. Despite Callahan's objection, the circuit court granted EWM's motion to amend the complaint.

Callahan and Payne then filed answers to the amended complaint. In its answer, Payne notified the court that it had filed for bankruptcy and asked to be dismissed as a party. Although an order dismissing Payne was never entered, the parties acknowledged Payne was no longer a party during the hearing on the motion to amend the complaint.

A jury trial was held on January 23, 2020. The only witnesses were Callahan and Gough. Payne did not participate in the trial. At the close of evidence, counsel for the parties met with the court in chambers to discuss jury instructions. Counsel agreed to Instruction No. 1 and Instruction/Special Verdict No. 2 concerning a contract claim. However, counsel for Callahan objected to Instruction/Special Verdict No. 3, which instructed the jury on the elements of unjust enrichment. Counsel for Callahan argued EWM attempted to add unjust enrichment as a new claim on the day of trial. Counsel for EWM argued the instruction on unjust enrichment was needed to conform the evidence introduced at trial to the pleadings. However, as discussed above, this claim was added when the circuit court granted EWM's motion to amend the complaint weeks earlier. Thus, the circuit court overruled Callahan's objection and allowed Instruction/Special Verdict No. 3 to be submitted to the jury.

The jury returned a verdict finding there was no contract between the parties under Instruction/Special Verdict No. 2. However, the jury found in favor of EWM under Instruction/Special Verdict No. 3, which contained the elements of unjust enrichment. Because the jury found for EWM under Instruction/Special Verdict No. 3, it did not make a determination under Instruction/Special Verdict No. 4, which concerned the *quantum meruit* claim. The jury awarded EWM damages in the full claimed amount of $8,945.

Following trial, EWM filed a motion to enter a trial order and judgment and for an award of prejudgment interest at the rate of six percent from the date of the last invoice to the date of the verdict, totaling $1,188.09. Callahan filed a response objecting to Instruction/Special Verdict No. 3 and the entry of the trial order and judgment. Callahan also argued, for the first time, that unjust enrichment was an equitable claim that should have been decided by the court and not the jury. He also objected to an award of prejudgment interest.

On February 25, 2020, the circuit court entered a final order adopting the trial order and judgment in favor of EWM, but it denied EWM's request for prejudgment interest because EWM's damages were unliquidated. This appeal and cross-appeal followed.

## ANALYSIS

### I.        CALLAHAN'S APPEAL

On appeal, Callahan argues the circuit court erred in (1) allowing EWM to amend its complaint; (2) allowing the jury to try the unjust enrichment claim; and (3) finding the elements of unjust enrichment were satisfied.

First, Callahan argues the circuit court erred in allowing EWM to amend the complaint. Callahan asserts he was prejudiced when the circuit court granted EWM's motion to amend the complaint approximately three weeks prior to trial. It is Callahan's position that the claim for *quantum meruit* was added at that

time, but he argues the claim for unjust enrichment was not added until after the close of evidence during the trial. However, based on our review of the record, it is clear the claim for unjust enrichment was included in the amended complaint three weeks prior to trial. The amended complaint provides, "As a result of the actions herein, Defendant Stephen A. Callahan acquired an unjust enrichment and [EWM] is entitled to reasonable compensation for his rendered services under the doctrine of quantum meruit." Record at 49. Furthermore, during the hearing, counsel for EWM stated, "We're moving to amend the complaint to add the element of unjust enrichment for the defendant under the concept of quantum meruit." Video Record, 1//2/2020 at 9:06:54-9:07:04.

The question before us is whether the circuit court abused its discretion in granting EWM's motion to amend the complaint three weeks prior to trial. "It is within the trial court's discretion to grant or deny a motion to amend a pleading, and on appellate review, its decision should not be disturbed unless the trial court abused that discretion." *Nichols v. Zurich American Ins. Co.*, 423 S.W.3d 698, 707 (Ky. 2014) (citation omitted). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Goodyear Tire and Rubber Co. v. Thompson*, 11 S.W.3d 575, 581 (Ky. 2000) (citing *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999)).

Kentucky Rule of Civil Procedure (CR) 15.01 sets forth the conditions

under which a complaint may be amended. CR 15.01 provides:

> A party may amend his pleading once as a matter of
> course at any time before a responsive pleading is served
> or, if the pleading is one to which no responsive pleading
> is permitted and the action has not been placed upon the
> trial calendar, he may so amend it at any time within 20
> days after it is served. Otherwise a party may amend his
> pleading only by leave of court or by written consent of
> the adverse party; and leave shall be freely given when
> justice so requires. A party shall plead in response to an
> amended pleading within the time remaining for response
> to the original pleading or within 10 days after service of
> the amended pleading, whichever period may be longer,
> unless the court otherwise orders.

In *Kenney v. Hanger Prosthetics & Orthotics, Inc.*, 269 S.W.3d 866,

869-70 (Ky. App. 2007), this Court compiled the factors a circuit court may

consider when presented with a motion to amend the complaint:

> In determining whether to grant a motion to amend a
> party's complaint, a circuit court "may consider such
> factors as the failure to cure deficiencies by amendment
> or the futility of the amendment itself." *First National
> Bank of Cincinnati v. Hartman*, 747 S.W.2d 614, 616
> (Ky. App. 1988). Other factors include whether
> amendment would prejudice the opposing party or would
> work an injustice. *See Shah v. American Synthetic
> Rubber Corp.*, 655 S.W.2d 489, 493 (Ky. 1983).
> Ultimately, whether a party may amend his complaint is
> discretionary with the circuit court, and we will not
> disturb its ruling unless it has abused its discretion.
> *Lambert v. Franklin Real Estate Co.*, 37 S.W.3d 770, 779
> (Ky. App. 2000).

Here, Callahan asserts the motion to amend was not timely as it was filed three weeks before trial, which was nearly two years after the original complaint was filed. He further argues he was prejudiced by the addition of the unjust enrichment claim following the close of evidence at trial because he did not have time to prepare a defense to EWM's unjust enrichment claim. Despite this contention, the unjust enrichment claim was clearly added when the circuit court granted EWM's motion to amend the complaint weeks earlier. Although Callahan objected EWM's motion to amend the complaint prior to trial, he also acknowledged he was not surprised to see the claims in EWM's amended complaint at the hearing and never requested a continuance to prepare a defense to the amended complaint. The record indicates Callahan was not prejudiced by the addition of the unjust enrichment claim weeks before trial.

Furthermore, the addition of the unjust enrichment claim was not futile and cured a deficiency in the original complaint. To prevail on a claim for unjust enrichment, a plaintiff must prove: "(1) benefit conferred upon defendant at plaintiff's expense; (2) a resulting appreciation of benefit by defendant; and (3) inequitable retention of benefit without payment for its value." *Jones v. Sparks*, 297 S.W.3d 73, 78 (Ky. App. 2009) (citation omitted). The evidence presented indicated the likelihood that there was no contract between Callahan and EWM but that Callahan received a benefit from the services provided by EWM. EWM

provided water hauling services for Callahan, which allowed his gas wells to continue to run, and Callahan did not remit payment for the full value of EWM's services. As such, we hold the circuit court did not abuse its discretion in granting EWM's motion to amend the complaint.

Next, we turn to Callahan's argument that the circuit court should have decided the unjust enrichment claim instead of the jury. Callahan did not raise this argument before the instructions were submitted to the jury. Instead, he raised this argument for the first time in his objection to EWM's motion for entry of the trial order and judgment. He argued unjust enrichment is an equitable claim that should have been decided by the court.

On appeal, Callahan reasserts unjust enrichment is an equitable issue that must be decided by the court. He further argues he did not have time to determine whether unjust enrichment was an issue for the jury or court to decide because unjust enrichment was raised for the first time after the close of evidence and again asserts he was prejudiced by the late addition of that claim. Conversely, EWM argues Callahan never requested the circuit court adjudicate the unjust enrichment claim, and therefore, he impliedly consented to the jury determining the outcome of the unjust enrichment claim instead of the circuit court.

"Equitable claims, such as unjust enrichment, are heard and decided by the trial court, not the jury." *Superior Steel, Inc. v. Ascent at Roebling's Bridge,*

*LLC*, 540 S.W.3d 770, 782 (Ky. 2017) (citing *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 908 S.W.2d 104, 108 (Ky. 1995)).  However, "there may be factual issues that are capable of jury determination before application of an equitable remedy, but there is no entitlement to a jury trial on an unjust enrichment claim."  *Id.* (citing *Steelvest, Inc.*, 908 S.W.2d at 107-09).

CR 39.03 provides guidance on whether the circuit court appropriately permitted the jury to decide the unjust enrichment claim:

> In all actions not triable of right by a jury the court upon motion or of its own initiative may try any issue with an advisory jury; or the court, with the consent of all parties noted of record, may order a trial with a jury whose verdict has the same effect as if trial by jury had been a matter of right.

Under the current version of CR 39.03, "the consent must be noted of record, or, in other words, *expressed* consent is required."  *Emerson v. Emerson*, 709 S.W.2d 853, 855 (Ky. App. 1986) (citing 7 BERTELSMAN & PHILLIPS, KENTUCKY PRACTICE, CR 39.03, Comment 2 (4th ed. 1984)).  When an equitable claim, such as unjust enrichment, is before the court "absent expressed consent, the jury is advisory only, regardless of what the court may characterize it."  *Id.* (citation omitted).  The circuit court may accept or reject the findings of the advisory jury, but it "must make findings of fact and conclusions of law pursuant to CR 52.01."  *Id.* (citation omitted).

Here, Callahan did not give his express consent for the trial court to permit the jury's verdict to have the same effect as if the jury had been a matter of right. Therefore, the jury's verdict was merely advisory in this instance. As in *Emerson*, "if the court agreed with the panel, it should have . . . made its findings and conclusions in conformity with the verdict" as required by CR 52.01. *Id.* We must reverse the trial court's finding that EWM was unjustly enriched and remand with instructions to enter findings of facts and conclusions of law as to whether EWM presented evidence satisfying all elements of an unjust enrichment claim.

Third, Callahan argues EWM's claim failed to satisfy all elements of unjust enrichment. As the circuit court failed to make required findings under CR 52.01, we need not address Callahan's argument. The circuit court will make this determination on remand.

## II.        EWM'S CROSS-APPEAL

Finally, we address EWM's cross-appeal. EWM argues it was entitled to an award of prejudgment interest. In its order denying an award of prejudgment interest, the circuit court seemed to find that because the damages claimed by EWM were unliquidated, prejudgment interest could not be awarded. Although there is a distinction between liquidated and unliquidated damages, the mere fact that damages are unliquidated is not a bar to an award of prejudgment interest. Claims are liquidated when they are "of such a nature that the amount is

-11-

capable of ascertainment by mere computation, can be established with reasonable certainty, can be ascertained in accordance with fixed rules of evidence and known standards of value, or can be determined by reference to well-established market values." *Hall v. Rowe*, 439 S.W.3d 183, 188 (Ky. App. 2014) (citation omitted). When a party states a claim for liquidated damages, "[t]he longstanding rule in this state is that prejudgment interest is awarded as a matter of right." *Id.* (citation omitted). Conversely, when a party makes a claim for unliquidated damages, "the question of allowance of prejudgment interest is a matter addressed to the Court in its sound discretion." *Nucor Corp. v. General Elec. Co.*, 812 S.W.2d 136, 140 (Ky. 1991) (internal quotation marks omitted).

EWM was entitled to prejudgment interest as a matter of right because its damages arise from a liquidated claim. EWM sent Callahan invoices in the amount of $8,945, which was easily computed by multiplying its rate of $90 per hour times the number of hours of work performed plus the sum of the salt water disposal fees. In its complaint, EWM requested damages in the amount of $8,945, which the jury awarded. As such, we reverse the circuit court's finding that EWM was not entitled to prejudgment interest. On remand, if the circuit court enters findings of fact and conclusions of law in favor of EWM on its unjust enrichment claim, then it must enter an award of prejudgment interest.

## CONCLUSION

For the foregoing reasons, we reverse the judgment of the Webster Circuit Court and remand with instructions to make findings of fact and conclusions of law as required by CR 52.01. If the circuit court agrees with the jury's finding that Callahan was unjustly enriched when EWM provided water hauling services without paying the full amount of EWM's invoice, then the court must award EWM prejudgment interest.

ALL CONCUR.

BRIEFS FOR APPELLANT/
CROSS-APPELLEE:

John H. Henderson, III
Evansville, Indiana

BRIEF FOR APPELLEE/
CROSS-APPELLANT EWM
SERVICES LLC:

Wm. Clint Prow
Providence, Kentucky